## SMITH *v.* BRADLEY.

By the statute of July 7, 1837, the selectmen of each town are required to assess the polls, &c., of such persons as they believe to reside in town; such assessment to be valid unless the party whose residence was elsewhere at the time, make oath in the manner pointed out in the statute. In an action against the selectmen for an illegal assessment, the jury were properly instructed to inquire whether the defendants, at the time, believed the plaintiff's residence to be in their town.

By the act of 1827, N. H. Laws 553, it is not essential to the validity of an assessment that the same, with the invoice, be recorded by the town-clerk, or seasonably left with him.

TRESPASS, for a false imprisonment. The defendants justify, as selectmen of the town of Rumney, in 1842, and as having in that year assessed a tax upon the plaintiff for his poll, some real estate and neat stock, and committed the same to the collector for collection. The plaintiff declined paying said tax, and in September, 1844, was arrested by the collector and carried to jail, and detained till he paid the tax and costs.

The plaintiff excepted to the defendant's evidence, showing the assessment, because it did not appear that they had seasonably caused the invoice and assessment to be recorded by the town-clerk of Rumney, or left with him a copy seasonably for that purpose. And the evidence was admitted, subject to that exception. The invoice and assessment appeared to be recorded in the town-clerk's book, and was certified by the defendants to be a true copy of their invoice and assessment, under date of April 30, 1842. It appeared to be recorded and certified by Otis Whitney, town-clerk for that year. But the time when recorded, or when left for record, did not further appear from the record. The plaintiff, when called upon to pay the tax, resisted it on the ground that on the first day of April, A. D. 1842, and long before and after, he was not a resident of Rumney, or liable to taxation there, but was a resident of New-Hampton, and there taxed for his poll in 1842,

Smith *v.* Bradley.

which he paid. It appeared in evidence that in 1840 the plaintiff was an inhabitant of Rumney, and owned some real estate there, with a house upon it. In the fall of 1840 he removed with his family to New-Hampton, where his wife died in March, 1842. And there was evidence tending to show that his residence remained in New-Hampton from his removal there in 1840, till long after the year 1842, and that he was taxed there for his poll and estate in 1841, 1842 and 1843. There was evidence offered by the defendants tending to show that the plaintiff was more or less in Rumney, carrying on his place there, in 1841 and 1842, and that he at times boarded himself at his house there. But he was not taxed there in 1841, except for said real estate, which was taxed as non-resident. There was also evidence that early in April, 1842, one of the defendants, while taking the invoice, called at the plaintiff's house in Rumney and found him there : that the plaintiff requested to have his real estate taxed as resident, which was done; that upon being inquired of by one of the defendants, where he was on the first day of April, 1842, he said he could hardly tell himself. The court instructed the jury that if the defendants at the time believed that the residence of the plaintiff, on the first day of April, 1842, was in Rumney, they rightfully taxed him there, although his residence in fact was then in New-Hampton ; and that as he had not furnished the statement and certificate, required by the law of 1837, the tax was lawfully collected, and the action could not be maintained. And the jury having returned a verdict for the defendants, the plaintiff moved for a new trial, for the improper admission of testimony, and for misdirection. And it was ordered that the questions arising upon the foregoing case be reserved and assigned to the determination of the Superior Court.

*Herbert,* for the plaintiff, cited 3 N. H. 340 ; 6 N. H. 192 ; N. H. Laws 309 ; Rev. Stat., ch. 41, secs. 3 and 4; *Tucker* v. *Aiken,* 7 N. H. 113 ; 8 N. H. 166.

Smith *v.* Bradley.

*Quincy,* for the defendants.

GILCHRIST, C. J. The act of July 7, 1837, N. H. Laws, vol. 2, ch. 331, provides that the selectmen of each town shall annually, in their inventories and assessments of taxes, cause the names to be entered and property duly assessed, of all persons whom they believe to have their residence in such town on the first day of April of each year, and to issue their warrant for the collection of the same ; and that such taxes shall be good, unless the person so assessed shall tender to the selectmen an oath, in writing, sworn and subscribed before some magistrate, that he had taken up a residence elsewhere, &c.

The court in this case instructed the jury that if the defendants, when they assessed the tax, believed the residence of the plaintiff to be in Rumney on the first day of April, 1842, they rightfully taxed him there, although his residence was in fact at that time in New-Hampton ; and that, as he had not furnished the statement and certificate required by the law of 1837, the tax was lawfully collected, and the action could not be maintained.

These instructions, almost in the very words of the statute, seem to leave no space for any objection, and the exception which was taken must be overruled.

Another exception is, that the defendants, the selectmen of Rumney, did not show that they had seasonably caused the invoice and assessment to be recorded by the town-clerk, or that they had left with him a copy seasonably for that purpose.

The statute of July 7, 1827, N. H. Laws 553, provides for the annual assessment of taxes to be made by the selectmen upon the polls and estates of the inhabitants, according to principles and in the manner pointed out in that chapter. It then (sec. 11) requires the selectmen to "make lists of all such assessments under their hands, and to commit the same unto the collector or collectors of their re-

Smith *v.* Bradley.

spective towns, with a warrant under their hands and seal, in due form of law." The statute then directs what the lists shall contain. It then provides that the selectmen shall cause a fair entry and record to be made of all invoices by them taken, &c. ":And the selectmen shall also have their assessments recorded by the town-clerk, &c., or shall leave an attested copy with him seasonably for that purpose, and a copy of the invoice from which the assessment was made shall also be recorded, or left with the town-clerk, in the manner aforesaid, that the inhabitants and others rated may inspect the same."

The statute is a long one, and embraces many particulars that may be regarded as preliminary to the act of making the assessment; such as settling the parties to whom estate is to be taxed; the places where particular kinds of property shall be rated; the mode of ascertaining the existence and amount of property capable of being concealed, &c. It then requires the selectmen to assess the polls and estates their just and equal proportion, to make a list of such assessments, and commit it, with their warrant, to the collector. The subsequent proceedings, such as recording the invoice and assessment in their own book, and causing them to be recorded by the town-clerk, are for the purpose of preserving the memory and making a publication of their doings. The omission of any or all of them cannot vitiate the assessment, or vacate the warrant which has already gone forth for the collection of the taxes. These things they are required to do, and to do seasonably, that people may inspect the records when made, and not that there may be a valid assessment, or that an assessment already made and committed for collection may remain good. The subsequent omission of the selectmen cannot, we apprehend, have any such effect to defeat their prior acts. The exception must, therefore, be disallowed, and there must be

*Judgment on the verdict.*