## PERKINS *v.* LANGMAID *et als.*

Where an agreed statement of facts, transferred from the court of Common Pleas for decision of the questions of law arising upon it, contains a provision that the case may be discharged and the cause stand for trial, if either party shall desire to contest any fact stated, or to prove any other which, in the

501
40 493
51 368
56 349
56 352
64 204

opinion of the court, may be material, the case may be discharged, on motion, in the court below, notwithstanding an order is transmitted from this court to that for judgment, and no leave was obtained in this court to move in that for the discharge.

The record of the assessment of a tax is not merely record evidence of the assessment; it is the assessment itself.

Where the selectmen of the two towns in which a school district is organized under the provisions of sec. 2, of the act of June 26, 1845, Comp. Stat. 167, erroneously supposed that the statute required a tax for school-house purposes in such district to be assessed in each town, by their joint action, and the record of the assessment was accordingly made by them as a joint board of assessors, it cannot be amended by striking out the names of the selectmen of one of the towns, so as to make it an assessment by the selectmen of the other. Such amendment would constitute a new proceeding had; and if regarded merely as an amendment of the record of the former proceeding, it would be inadmissible, because not in accordance with the fact, although it appeared that in taking the invoice and making the computations for the tax upon the polls and ratable estate in their respective towns, each board of selectmen acted independently of the other.

THE agreed case, transferred from the court of Common Pleas to this court, and in which the opinion was delivered, as reported in 34 N. H. 315, contains the following stipulation : " The parties agree that if either shall desire to contest any fact stated in this case, or to prove any other that shall, by the judgment of the court, be material, then this case may be discharged and stand for trial." An order was sent from this court to the court of Common Pleas for judgment for the plaintiff. The defendants thereupon moved in the court below that the case be discharged, and they, as selectmen of Chichester for the year 1853, permitted to amend the record of the assessment of the tax, by striking out the names of the selectmen of Loudon, so as to make it appear that the selectmen of the two towns acted separately in making the assessment upon the polls and rateable estate in their respective towns. Evidence was taken and submitted to the court tending to show that, in taking the invoice in each town, in computing the amount of tax against the several inhabitants of the district in their respective and in all other proceedings in reference to the tax, except the making up and signing the record of the assessment, each of the two boards acted independently

of the other; but the record of the assessment sets forth that the tax was assessed by them as a joint board, and was signed by the members of both boards, as their joint assessment. The plaintiff objected to the first motion, on the ground that this court, having ordered judgment without leave granted to the defendants, on motion in this court to move in the court below to discharge the case, the motion to discharge could not now be made in that court; and to the second the plaintiff urged the same objection, and also that the amendment was inadmissible under any circumstances, from the nature of the amendment; and that in this case it was inadmissible, if proper to be made under other circumstances, because it was not in accordance with the facts in the case.

The court below overruled the objections of the plaintiff, and ordered that the case be discharged, and that the defendants have leave to amend the record of the assessment.

To these rulings of the court below the plaintiff excepted, and the questions arising upon the exception are transferred to this court.

*H. A. Bellows*, for the plaintiff.

The order for judgment for the plaintiff was absolute, and without leave to the defendants to move in the court below for a discharge of the case; and judgment ought to have been entered according to the order.

The evidence furnished does not justify the amendment proposed. The assessment recorded in the town clerk's books is one made by the joint action of the two boards. The selectmen understood it should be made in that way. They gave the same construction to sec. 15, Comp. Stat. 167, as to sec. 17, p. 168. We contend there is nothing to amend by; nothing indicating the action of the selectmen of Chichester as a separate board; nothing leading the mind to the belief that they so acted. On the contrary, the record is clear, explicit and full, and accords with that construction which the selectmen gave to the statute, and understood as correct. It is clear they acted under sec. 17.

The assessment is the foundation of the whole proceeding in issuing the warrant, and this the amendment proposes to change by making an entirely new proceeding. The act of assessment is the making of the record, and to permit the amendment would be to make a new assessment. No case can be found going to this extent. The general doctrine in this State is, that enough should appear to lead to a reasonable presumption of the fact sought to be shown by the amended record. *Gibson* v. *Bailey,* 9 N. H. 168; *Bean* v. *Thompson,* 19 N. H. 294; *Hayes* v. *Shackford,* 3 N. H. 10; *Chamberlain* v. *Crane,* 4 N. H. 115. The evidence fails entirely to show that the selectmen acted separately in making the assessment.

*Flint & Bryant,* for the defendants.

Upon the case transferred, containing a stipulation that either party might have a trial by jury, if desired, this court had no power to order judgment absolutely ; but if in form such order was made, it must be understood as subject to the condition provided for by the agreement of the parties. The case has been discharged, and this court will not now interpose to reverse the order discharging it.

The record of the assessment was in one particular incorrect in point of fact. This is shown by the testimony taken. Upon this testimony the court below were satisfied that the amendment is in accordance with the facts. It was allowed by that court, and has been made by the proper officers. What, then, is the question here in relation to it ? It cannot be a question of fact, or of the sufficiency of the evidence to prove the facts upon which the motion to amend was founded. The finding of the court below upon those questions is conclusive. The only question that can be made here is one of law—whether the amendment is one which it would not be proper to allow under any circumstances.

The assessment was in fact legally made. In taking the invoice determining the amount of each man's tax, and in all other steps, the selectmen acted separately. The certificate of

the selectmen at the foot of the assessment erroneously states that it was made by the joint action of the two boards. This was an error in a matter of fact, which has now been corrected by the amendment allowed and made under the order of court. The assessment was complete, when, having taken the previous steps in taking the invoice and making the necessary computations, the amount of each previous tax is set down. The record made by the selectmen is merely evidence of the assessment.

SAWYER, J. When a case is transferred to this court upon an agreed statement of facts, and the agreement contains no provision for a discharge of the case, or for further proceedings in the court below, the order from this court for judgment is ordinarily to be considered as absolute, and no proceedings are to be had in that court other than to render judgment according to the order, unless leave is granted, in the order, to one of the parties to move in the court below for further proceedings. If, however, the agreed case contains a provision to the effect that, upon judgment being ordered upon the facts, as agreed, either party may have the right to controvert any of them by a trial before the jury, the order for judgment is to be considered as made subject to the condition for which the parties have stipulated. The order is absolute for judgment upon the statement of facts submitted; but if, by the terms of the submission, either party is at liberty to show a different state of facts, the order is inoperative, provided either of the parties avails himself of the provision by moving for a trial for that purpose. Regularly, the trial can be had only by discharging the agreed case. It is consequently in order for the party who is dissatisfied with the judgment ordered, to move in the court below for the discharge, that the order may thereby become vacated, and he permitted to try the facts by the jury, in pursuance of the agreement. In this case it was expressly agreed that the case should be discharged and the cause stand for trial, if either party desired it. The case was, therefore, properly discharged by the court below, and when discharged the cause

stood upon the docket of that court for trial, and for such other proceedings preliminary to a trial as might be proper in such a case, regardless of the order of this court for judgment.

The case having been properly discharged, it was competent for the court, upon motion of either party, to allow any amendment of the records of the town, consistent with established principles, regulating such amendments ; and the further questions presented are, whether the amendment moved is in its nature such that it can be admitted as an amendment, and, if so, whether it is warranted by the facts. Both these questions are referred to this court by the provisions of the case. It is not to be understood from the case that we are to consider the amendment as made ; that the records of the town have, in fact, been amended under the order of the court below allowing it. By the exception taken to the order, and the transfer of the question arising upon it to this court, the order is suspended until the grounds upon which it was made have been here revised and its propriety determined. The ruling of the court below, allowing the amendment and the exception taken to it, are precisely what would have been implied if the questions arising upon the defendants' motion for leave to amend, and the evidence in support of it, had been transferred to this court without a distinct statement of the ruling and the exception. *Claggett* v. *Simes*, 31 N. H. (11 Foster) 60. If the motion, upon either of the grounds of objection taken by the plaintiff, is to be considered as one addressed to the discretion of the court below, the case is not one in which this court is now asked to revise the proceedings of that court in a matter entirely within their discretion, and in which that discretion has been exercised, but one where a *pro forma* ruling has been made, for the purpose of referring the question of discretion directly to this court. Such *pro forma* ruling is required by the provisions of the statute authorizing the transfer, and would be necessarily implied in the transfer, if it had not been expressly stated in the case.

We think the amendment is inadmissible upon either ground of objection.

Perkins *v.* Langmaid.

By the provisions of sec. 6, chap. 43, Rev. Stat., selectmen are required to make a fair record of every invoice taken by them, and of all taxes assessed, which record shall be the property of the town. The making of this record of the assessment of a tax, constitutes the assessment. The invoice may be taken, the mathematical computations made, and a tabular statement prepared, showing the amount of the tax to be assessed against each tax-payer, and thus all the preliminary proceedings completed for assessing the tax, and still the assessment be left incomplete, because the record, which is the essence of the assessment, has not been made as a record of it. There is still wanting the proper authentication of the proceedings as an assessment of the tax, by a record of it as such, purporting on its face, and avouched by the certificate of the proper officers upon it, to be such assessment. The preliminary proceedings in taking the invoice, computing upon that the exact amount of each man's tax, and preparing a table, showing the name of each tax-payer, the description of his property assessed, and the amount of tax against it, are all proper and necessary to be done, in order to make the assessment. Without them the assessors would not have the means to make it; but they are not the assessment, nor, properly considered, any part of the assessment. That consists in the act of making the record required by the statute, by which the attestation of the assessors, as the proper officers to make it, in the form of a certificate under their hands that it is the assessment, declares and establishes it as the assessment; thus making the assessment by the act of making the record of it. The making of the invoice required by the same section of the statute, constitutes, in like manner, the taking of the invoice, there being no invoice made until the record is made. Of the same character is the proceeding in laying out a highway by the selectmen; the laying out consisting in the return of it, made by them to the town-clerk, as the record evidence of it.

The record in this case is of an assessment by a joint board, composed of the selectmen of the two towns, purporting on its

face to be the proceeding of the joint board, and attested by them as an assessment made by their joint action. The assessment consists in the making of that record as the proceeding of the joint board. As such it was held illegal; 34 N. H. 315; for the reason that the action of assessors is to some extent judicial; and as the statute requires the assessment to be made by the separate action of the respective boards for their own towns, a majority of the selectmen of Chichester may have been overruled by their associates in the joint board. It is now proposed to change that record, so that it shall stand as the record of an assessment by the selectmen of Chichester alone. This is all that is necessary to make a new assessment, to be substituted for the old. In effect it is to correct the former erroneous proceeding of the defendants, which vitiated the assessment by a new proceeding had — the making of a new assessment. It is clear that this is inconsistent with the statutory provisions which regulate the subsequent proceedings in the collection of the tax; such as leaving a copy of the record of the assessment with the town-clerk, which is to be open to the inspection of all persons; the issuing of the warrant to the collector, with a list of the taxes assessed, and delivering to the Deputy Secretary of State a certified copy of the list of taxes, as assessed, when it contains an assessment of the property of a non-resident; Laws of 1844, chap. 148, sec. 2; all which must contain not only a statement of the amount of tax and the name of the person, or description of the property taxed, but also, by necessary implication, of the proper officers by whom the assessment was made. It is also inconsistent with that sound policy which requires that selectmen be held to a strict adherence to law in the discharge of their duties as assessors, at the peril of personal responsibility. *Wadsworth* v. *Henniker*, 35 N. H. 189. To permit amendments for the purpose of correcting their illegal proceedings would afford opportunity to relieve themselves from the consequences of the illegality, and cast them upon the tax-payer, who, like the plaintiff, may have resisted the payment of the tax because it was thus illegal. If, however, the question be tested by the principles

applicable to amendments of the record as evidence of the proceeding — that is, as evidence of the assessment and not as the proceeding itself — the amendment is inadmissible upon the facts in the case. Where the record to be amended consists of a recital of proceedings had, like the returns of officers, or the records of towns or other corporations, showing what have been the official or corporate doings, amendments are admissible, to make the record correspond with the fact. Considering this record as a recital of facts and proceedings, the alleged erroneous fact recited to be corrected by the amendment is that the assessment was made by the joint action of the two boards. It is claimed by the defendants that this is shown to be erroneous, because the selectmen of Chichester, upon the evidence produced, in appraising the property in their town to be assessed, in taking the invoice, and in making the computations for the assessment, acted independently of the selectmen of Loudon, and that there was no joint action of the two boards except in making the record, and upon this ground it is claimed that the assessment in fact was made by the selectmen of Chichester alone. Assuming that these facts are proved as claimed, they show merely that the assessment might have been made an assessment by the selectmen of Chichester, if they had so treated it. The proceedings proved are but preliminary to the assessment, and are consistent with an assessment either way. The fact still appears that they elected to consider it and to make it the assessment of the joint board, because they assented to it as such, and so declared by the record made of it. It must be understood that this was done because they supposed it was required by law to be made in that mode. An amendment which should make the record declare that it was an assessment made by any one, two or five members of the joint board, would be no more contradictory to the fact, than now to make it the assessment of the three who were selectmen of Chichester, because it might have been considered and treated, in making up the record, as the assessment of any one, two or five of the number, if they had so elected, and it may now be regarded as the assessment of either

number, upon precisely the same grounds as of the three. The fact is not to be questioned, that when all the preliminary steps to the assessment had been completed, and nothing remained to be done but to give it validity and efficacy as an assessment which should subject the tax-payer to his liability, the selectmen of Chichester elected to make it the assessment of the joint board, and not their separate assessment. It was so understood and intended, and the intention was carried out by making the record in accordance with the fact. To amend as proposed would make the record contradict the fact. The motion to amend should have been denied in the court below.