## In re KENT REFINING CO.

### Claim of STATE OF MICHIGAN.
### No. 6572.

District Court, W. D. Michigan, S. D.
May 20, 1937.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for trustee in bankruptcy.

Laurence W. Smith, of Grand Rapids, Mich., for the petitioner.

Hilding & Baker, of Grand Rapids, Mich., for certain mechanic's lien claimants and for protective committee for creditors.

Shelby B. Schurtz, Asst. U. S. Atty., of Grand Rapids, Mich., for the United States.

RAYMOND, District Judge.

The issues presented upon petition filed by Howard O. Butler for review of the order of the special referee in bankruptcy entered December 12, 1936, challenge the conclusion that January 17, 1936, was the controlling date or "dead line" for the establishment of valid liens. Practically no dispute exists concerning the accuracy of the underlying facts stated in the findings

662

relative to classification and allowance of claims, and restatement thereof is unnecessary.

 The claim involved is that of Howard O. Butler, as assignee of the State of Michigan, for gasoline taxes, payment of which became due on January 20, 1936. These taxes amounted to $1,027.91. Butler was surety upon a bond of debtor to secure to the State of Michigan payment of the tax. He effected a compromise of the claim of the State at the sum of $786.86 and upon payment of that amount received an assignment. Prior to the payment and assignment, a levy was attempted upon property of debtor by state authorities. This was on January 28, 1936, the same day upon which involuntary proceedings in bankruptcy were dismissed and upon which an order was entered approving debtor's petition for reorganization under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. The order of approval enjoined all levies and attachments. Claimant contends that the order of dismissal on January 28, 1936, of the involuntary proceedings in bankruptcy which had been filed on January 17, 1936, removed all disabilities imposed by the Bankruptcy Act upon creditors seeking remedy by levy or attachment. The special referee found that the property of debtor was in the custody of the law on January 28, 1936, by virtue of the proceedings commenced on January 17, 1936, and that the State therefore acquired no lien by virtue of its attempted levy. The question whether this conclusion would have been correct had no proceedings been instituted under section 77B of the Bankruptcy Act is not before the court. The court will take judicial notice of the fact that the formal act of dismissal of the involuntary proceedings followed the approval of the petition filed under section 77B. No creditor possessed the right during the pendency of either proceeding to acquire superior rights by levy or attachment as against other creditors. Even were the court not warranted in taking judicial notice of the order of proceedings pending therein, the same result follows application of the general rule that, in the absence of contrary proof and without sufficient reason therefor, the court will refuse to take cognizance of fractions of a day. See 62 C.J. 980.

 The court concludes that the special referee was right in finding that, because the property was at all times subsequent to January 17, 1936, in custodia legis, the State did not by its attempted levy on January 28, 1936, establish a lien upon debtor's property. See Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S. Ct. 96, 56 L.Ed. 208.

No valid lien having come into existence, the claim is entitled to allowance only on a parity with other tax claims. See City of Lincoln, Neb., v. Ricketts (C.C.A.) 77 F.(2d) 425, 431. The court is also in accord with the finding of the special referee that claimant is not entitled to profit by reason of his compromise of the claim of the State and that his right of subrogation extends only to the amount actually paid, namely, $786.86.

An order may be entered affirming the order of the special referee.