**ELDREDGE BREWING CO., Inc., v. CITY OF PORTSMOUTH.**

No. 3636.

Circuit Court of Appeals, First Circuit.

Feb. 20, 1941.

Rehearing Denied March 19, 1941.

Robert W. Upton, of Concord, N. H. (Laurence I. Duncan, of Concord, N. H., on the brief), for appellant.

Louis E. Wyman, of Manchester, N. H. (Leo Liberson, of Portsmouth, N. H., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and HARTIGAN, District Judge.

MAHONEY, Circuit Judge.

This is an appeal from the order and judgment of the District Court allowing the claim for taxes of the City of Portsmouth in the sum of $6,292.56 with interest, as a preferred claim in a reorganization proceeding under Section 77B of the Bankruptcy Act, 48 Stat. 912, 11 U.S.C.A. § 207.

The Eldredge Brewing Company, Inc., the appellant, owns real and personal property in the City of Portsmouth, N. H. On June 3, 1938, it filed a petition for reorganization which was duly approved on June 6, 1938, and an order was entered that claims against the debtor be filed on or before August 23, 1938. The City of Portsmouth filed its proof of claim on August 2, 1938, and claimed priority, in the sum of $6,292.56 for general property taxes for the year 1938, assessed as of April 1, 1938, on the appellant's real estate and stock in trade. Objection by the appellant to the allowance of the claim was made on the grounds that the taxes were not legally due and owing because improperly assessed; that they were excessive; that they were discriminatory, disproportional, unreasonable and unlawful because imposed for unlawful purposes and for application to uses other than public uses; and that they violated the Constitution of the State of New Hampshire and the Fourteenth Amendment of the Constitution of the United States.

The appellee denied the validity of these objections and answered that the District Court was without jurisdiction to inquire into the propriety of the assessment or the purposes for which such assessment was made, or to entertain any alleged claim with respect to said taxes in the absence of any allegation or proof that the appellant had complied with or been denied a remedy under the statutes of New Hampshire by the state courts. It prayed that the taxes be allowed as a preferred claim.

The lower court took jurisdiction because the matter involved the allowance or disallowance of a claim in a bankruptcy proceeding and overruled the defence that the appellant had been guilty of laches in failing to file its objection within a reasonable time. It ruled that the assessment was valid, that the appellant had failed to follow the administrative procedure in the state court for obtaining an abatement of the tax and that there was no warrant in the Bankruptcy Act for making a redetermination of the tax in proceedings under Section 77B since no order of liquidation had been made in the case. The claim of the City of Portsmouth was allowed as a preferred claim. We think that the District Judge was correct.

The appellant maintains that because there was no record made of the assessment as required by N.H.Public Laws, c. 64, § 5,[1] no valid assessment existed in this case. There was, however, in evidence, a book bearing the following words: "The foregoing is an invoice and assessment of all ratable assets which resident and non-residents are liable to be taxed in the City of Portsmouth, New Hampshire, on the 1st Day of April, 1938, A. D., and all Appraisers of the City of Portsmouth or Selectmen swear that in the making of the invoice for the purpose of assessing the foregoing taxes, we appraise all the taxable property at its full value, as we would appraise same in payment of a just debt from a solvent debtor." This book contained a list of the property taxes of the City of Portsmouth with the names of the persons against whom the tax was assessed, which included the taxes assessed against the appellant. It was signed by the appraisers, but there was no certificate that the oath required by the statute was

---

[1] "5. Record. A fair record shall be made of every invoice taken by the selectmen, and of all taxes by them assessed, in a book of records of the doings of the selectmen in their office, which shall be the property of the town; and a copy thereof shall, prior to July first, be left with the town clerk, or the original invoice and assessment shall be so left and recorded by him, and both records shall be open to the inspection of all persons."

taken by the appraisers. This book was given on July 15, 1938, to the collector together with a warrant for the purpose of enabling him to collect the taxes listed. The warrant was signed by the appraisers under their hands and seals the 15th day of July, 1938. Bills for taxes were sent to the appellant under date of July 1, 1938. The District Judge found that the warrant for the collection of taxes signed by the appraisers was evidence of a valid assessment and that a valid assessment had been made. Failure of the assessors to make and lodge a record with the city clerk in accordance with the statute above quoted did not invalidate the assessment.

The evidence in this case amply supports the finding of the lower court. The entry in the book signed by the appraisers states that it is "an invoice and assessment of all ratable assets which residents and non-residents are liable to be taxed in the City of Portsmouth". It is fair to assume from this statement that there had been a judicial determination of the liability of the taxpayer and that an assessment had been made. The entry of the invoice and assessment in the book which was delivered to the tax collector was a signed memorial of their transactions. The warrant, with this list of the property taxes and the names of the persons against whom the tax is assessed, was given to the tax collector for the purpose of enabling him to collect the taxes. This, too, presupposes a judicial ascertainment of the taxpayer's liability. The entry in the assessment book and the warrant to the collector are both evidence that a valid assessment had been made.

There is a lack of positive, affirmative evidence that an oath had been taken by the appraisers or assessors, and subscribed upon the copies or original invoices and assessments. At any rate, no certificate of such oath was attached. Nor was there furnished to the city clerk the record which the statute required. The law of New Hampshire is clear that the lack of such record does not invalidate an assessment. In Jaffrey v. Smith, 1911, 76 N.H. 168, 80 A. 504, 505, it was held that a sup-

plemental assessment not signed or dated by the selectmen was not invalid. The court there says that:

"The view that the record is the assessment in the sense that it is the essence of the judicial act of fixing the amount of the tax is not the law in this state. The statute 'requires the selectmen to assess the polls and estates their just and equal proportion, to make a list of such assessments, and commit it, with their warrant, to the collector. The subsequent proceedings, such as recording the invoice and assessment in their own book, and causing them to be recorded by the town clerk, are for the purpose of preserving the memory and making a publication of their doings. The omission of any or all of them cannot vitiate the assessment, or vacate the warrant which has already gone forth for the collection of the taxes. These things they are required to do, and to do seasonably, that people may inspect the records when made, and not that there may be a valid assessment, or that an assessment already made and committed for collection may remain good.' Smith v. Bradley, 20 N.H. 117, 120."

Cf. King County, Wash., et al. v. Northern Pacific Ry., 9 Cir., 1912, 196 F. 323, 327.

The cases of Perkins v. Langmaid, 1858, 36 N.H. 501, and Paul v. Linscott, 1876, 56 N.H. 347, relied on by the appellant, were expressly referred to and disapproved in the Jaffrey case. They no longer represent the law of New Hampshire on this point. The assessment must be considered valid.

■ The appellant also claims that the District Court erred in holding that the Bankruptcy Act does not warrant a redetermination of taxes or a determination as to the amount or legality of taxes claimed in a proceeding under Section 77B. There was no error. This court in the case of City of Springfield v. Hotel Charles Co., 1 Cir., 1936, 84 F.2d 589, has already declared the law to be that applied by the District Judge.

Section 64 of the Bankruptcy Act,[2] 30 Stat. 544, 563, as amended, 11 U.S.C.A. §

---

[2] "Sec. 64 [§ 104]. Debts which have priority. (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provid-

ed, * * * and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court.

"(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of

104, gives power to the bankruptcy court to order municipal taxes to be paid as prior claims and to hear and determine any question as to the amount or legality of any tax claimed. However, this power was expressly denied to the court when dealing with reorganization under Section 77B. Section 77B, sub. k(5),[3] provides that if the trustees under a reorganization are ordered to liquidate the estate, "debts shall be entitled to priority as provided in section 64 [104 of this title]." This, of course, would include municipal taxes. However, Section 77B, sub. k proceeds to say that none of the sections enumerated in subsection k, including Section 64, shall apply to proceedings under Section 77B "unless and until an order has been entered directing the trustee or trustees to liquidate the estate." No order to liquidate has been entered in this case. The statute, then, is plain that Section 64 does not apply, and the court was without power to redetermine the tax assessed.

Whether there would be power to redetermine a tax where the allegations and offer of proof showed an arbitrary and unreasonable disregard of the appellant's rights in violation of the Fourteenth Amendment, we need not here determine. No such evidence was adduced. There was no showing of arbitrary or unreasonable action, and the sworn petition for reorganization stated assets far in excess of the assessed value.

■ The appellant would also be barred from raising any question as to the abatement in the reorganization proceedings since it failed to exhaust its administrative remedies to secure tax abatement under state law. City of Springfield v. Hotel Charles Co., supra. N. H. Public Laws, c.

64, §§ 13 and 14,[4] provide that selectmen can abate taxes, and if they refuse to do so an aggrieved person can apply to the superior court for such abatement "within six months after notice of such tax, and not afterwards". The appellant was given notice of the tax around July 1, 1938. It, therefore, had until January 1, 1939, in which to petition the court for abatement. It did not do so. Though efforts were made to compromise the claim, no action for abatement was taken. It may be the appellant's argument that since it had filed a petition for reorganization and was subject to the exclusive jurisdiction of the bankruptcy court it was not free to avail itself of its remedies in the state courts. Since the bankruptcy court in Section 77B proceedings lacks power to redetermine taxes, it undoubtedly would have granted permission, if necessary, for the appellant to follow the necessary procedure. No such attempt was made. Clearly, the appellant is now barred from obtaining an abatement in this action.

■ The appellant further urges that the District Court erred in making the appellee a preferred creditor. It claims that no provision is made for preferences or priorities in Section 77B. It is true that, as we have seen above, Section 64, providing for priority for taxes, does not apply to reorganization proceedings unless there is an order for liquidation. Therefore, the appellee can claim no priority out of the funds available for unsecured creditors. However, the appellee had a statutory lien for the payment of taxes by N. H. Public Laws, c. 66, § 17, as amended by Laws 1937, c. 10, § 1, and Laws 1939, c. 29, § 1.[5] This lien was good until October, 1939. At the time the appellant's peti-

---

bankrupt estates, and the order of payment shall be * * * (6) taxes payable under paragraph (a) hereof * * *."

3 "(k) If an order is entered directing the trustee or trustees to liquidate the estate pursuant to the provisions of clause (8) of subdivision (c) of this section: * * * (5) debts shall be entitled to priority as provided in section 64 [104 of this title] * * *. None of the sections enumerated in this subdivision (k) * * * shall apply to proceedings instituted under this section 77B unless and until an order has been entered directing the trustee or trustees to liquidate the estate. All other provisions of this Act [title], except such as are inconsistent with the provisions of this section 77B,

shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered."

4 "13. By Selectmen. Selectmen, for good cause shown, may abate any tax assessed by them or by their predecessors.

"14. By Court. If they neglect or refuse so to abate, any person aggrieved, having complied with the requirements of chapter 62, may, within six months after notice of such tax, and not afterwards, apply by petition to the superior court in the county, which shall make such order thereon as justice requires."

5 "17. Lien. The real estate of every person or corporation shall be holden

tion for reorganization was filed and approved, the appellee was a secured creditor. Section 77B, sub. *o* provides that the "rights and liabilities of creditors * * * with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved". If such a voluntary petition had been filed and a decree entered, the appellee would have been a secured, i. e., a preferred, creditor. The purpose of Section 77B, sub. *o* is to freeze the rights of creditors as of the date of approval of the debtor's petition. Thus, though the appellee could have no priority were it unsecured, its lien was valid as of that date, and it must be considered a preferred creditor.

The order of the District Court is affirmed with costs to the appellee.

### On Petition for Rehearing.

The petition for rehearing is denied. By statute, the assessment of the taxes created a valid lien on the real property of the appellant. There was nothing further necessary to be done to perfect the lien. The sale of the property does not perfect the lien; it forecloses it. Therefore, Section 67, sub. b, of the Bankruptcy Act as amended, 52 Stat. 876, 11 U.S.C.A. § 107, sub. b (1938) is not applicable. The cases cited by the appellant in its petition for rehearing are not in point since they refer to situations where a lien was never perfected, either before or after bankruptcy or reorganization proceedings were begun. Section 77B, sub. *o*, concededly defines the rights and liabilities of creditors with respect to the debtor and its property upon the approval of the debtor's petition. At that time the City of Portsmouth had a valid and subsisting lien.

Since this lien could not be enforced by foreclosure as the property was in the custody of the bankruptcy court, an application to the court for payment of the debt due was the appropriate remedy. Cf. Marshall v. New York, 1920, 254 U.S. 380, 385, 41 S.Ct. 143, 65 L.Ed. 315; Northern Finance Corp. v. Byrnes, 8 Cir., 1925, 5 F.2d 11. It is solely within the power of the bankruptcy court to decree the method of liquidation of valid liens. Isaacs v.

Hobbs Tire & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. The City of Portsmouth, having a valid lien, requested that it be adjudged a creditor entitled to a priority. The lower court allowed the claim for taxes as a preferred claim. We believe this was within the power of the bankruptcy court. Cf. Board of Directors of St. Francis Levee District v. Kurn, 8 Cir., 1938, 98 F.2d 394, 397; Board of Commissioners of Sweetwater County, Wyo. v. Bernardin, 10 Cir., 1934, 74 F.2d 809, 814, certiorari denied, 1935, 295 U.S. 731, 55 S.Ct. 645, 79 L.Ed. 1680; In re Kent Refining Co., D.C.W.D.Mich.1937, 20 F. Supp. 661, see 2 Gerdes, Corporate Reorganizations (1936) 1020–1021. Whether the claim of the City of Portsmouth could be allowed as a preferred claim if there were no lien was not before us and was in no wise decided by the decision in this case. Cf. In re Sixty-Seven Wall Street Restaurant Corp., D.C.S.D.N.Y.1938, 23 F.Supp. 672.

The petition for rehearing is denied.

---

for all taxes assessed against the owner thereof; and all real estate to whomsoever assessed shall be holden for all taxes

thereon. All such liens shall continue until one year from October first following the assessment."