In the Matter of the Claim of CALOGERO CALLARI, Appellant, against NEW YORK STATE RAILWAYS, Employer, Respondent. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 5, 1936.

*Dutcher & Dutcher* [*Henry Redman Dutcher* and *Leonard D. Marafioti* of counsel], for the appellant.

*Whitman, Dey & Nier* [*George D. Ogden* of counsel], for the respondent.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General in Charge*, of counsel], for the State Industrial Board, respondent.

HILL, P. J. Appeal by claimant from an award for the period between June 28, 1927, and July 3, 1934, at a compensation rate of six dollars and sixty-five cents a week, upon the ground of inadequacy of rate.

No question is raised either as to the injury received July 23, 1926, or as to the disability resulting therefrom. The decision recites that the claimant's "wage earning capacity during the period of partial disability from June 28, 1927, to July 3, 1934, was reduced to 50% of his former earnings, giving him a compensation rate for partial disability of $6.65," and further states as a determination: "Ruling of Law. The claim for compensation at a rate in excess of $6.65 does not come within the provisions of the Workmen's Compensation Law." Subdivision 6 of section 15 of the Workmen's Compensation Law, as amended (Laws of 1922, chap. 615), provided: "6. Maximum and minimum compensation for disability. Compensation for disability shall not exceed twenty dollars per week nor be less than eight dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight dollars per week, he shall receive his full weekly wages." The employer stated in his first report of injury that claimant's weekly wage was twenty-one dollars and sixty cents. His compensation rate should have been fixed at eight dollars a week. (Workmen's Compensation Law, § 15, subd. 6, as amd. in 1922, *supra; Dingee* v. *Dairymen's League Co-operative Assn.*, 219 App. Div. 846; *Kadison* v. *Gottlieb*, 226 id. 700; *Seckler* v. *Morris Storage Co., Inc.*, 243 id. 840.)

The failure of the Industrial Board to fix the proper rate resulted from mistake. Section 22 of the act, as amended (Laws of 1928, chap. 754), provides: "Modification of award. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions *or proof of erroneous wage rate*, the board may at any time review any award, decision or order and,

on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, * * * an award increasing the compensation rate may be made effective from date of injury."

This has to do solely with the procedure to be followed in the correction of errors and directs ("may" as used is mandatory) that a hearing be had to correct the mistake when there is proof of an error in the wage rate. "Almost every law providing a new remedy affects and operates upon causes of action existing at the time the law is passed." (*Sampeyreac* v. *United States*, 7 Pet. 222, 239.) The 1928 amendment to section 22 did not create a new right. Subdivision 6 of section 15 of the Workmen's Compensation Law, after 1922, gave claimant the right to a minimum of eight dollars a week. The amendment did not increase the obligation of the employer, who has no vested right to profit through the mistake of the Industrial Board, and to pay claimant less than the statute requires. It only provides claimant a remedy by which he may secure his pre-existing rights and enforce the pre-existing obligations of the employer. It applies equally to those rights and obligations that existed when it was enacted and to those which may arise thereafter. (*Deuscher* v. *Cammerano*, 256 N. Y. 328; *Laird* v. *Carton*, 196 id. 169; *Myers* v. *Moran*, 113 App. Div. 427.)

The award should be reversed and the matter remitted for the Industrial Board to make an award for the period at eight dollars a week instead of six dollars and sixty-five cents.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Award reversed, with costs against the State Industrial Board, and claim remitted to the Board to make an award at the rate of eight dollars per week instead of six dollars and sixty-five cents.