The People of the State of New York ex rel. Public Fuel Service, Inc., Relator, v. Mark Graves and Others, Constituting the State Tax Commission, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of Rudolph Schultz, Respondent, against Buffalo Union Furnace Co., Appellant. State Industrial Board, Respondent.— Appeal from an award to claimant which in part is for permanent partial disability from July 27, 1933, to March 19, 1936, such award being dated March 23, 1936. Claimant was a laborer and was injured June 29, 1929, as a result of which three ribs were fractured and the injury aggravated a spinal condition. Previous to the accident his wage-earning capacity was thirty-four dollars per week. During the time that he has been permanently partially disabled successive awards have been made and paid for amounts less than eight dollars a week as determined by his actual reduced earnings. By the award here appealed from previous awards have been rescinded and he has been awarded compensation at the minimum of eight dollars per week for reduced earnings, as provided by subdivision 6 of section 15 of the Workmen's Compensation Law, for all of such period during which, except for said subdivision, compensation for his reduced earning capacity would be less than eight dollars per week. The appellant says that the original awards were proper and should not have been rescinded, and that the present award is improper, notwithstanding the minimum established by said subdivision 6; its argument being that for most of the period involved the claimant's actual earnings have been shown and that by the provisions of subdivision 5-a of said section 15, the wage-earning capacity is to be determined by the *actual earnings* of the injured employee. (See to the contrary: *Matter of Callari* v. *New York State Railways,* 246 App. Div. 332; *Matter of Ostroff* v. *Kipnis Bros. Radio Corp.,* 243 id. 659; *Matter of Kunkle* v. *Bossert & Sons, Inc.,* Id.; *Matter of Schubert* v. *Cushman's Sons, Inc.,* 248 id. 839.) A further objection by the appellant is that the Board has not found the percentage of claimant's disability. However, the Board found his wage rate before the injury and also found the amounts of his actual earnings during the time that he worked. From these figures the percentage of his reduced earnings is a mere matter of computation. Appellant also asserts that as to the times covered by the award when claimant was not working there is no proof of his inability to work, or that any such disability was the result of the injury. The Board, however, had previously determined that claimant was permanently partially disabled. By the award herein the employer is directed to continue payments at the same rate " until there is evidence and findings of change in the condition of claimant." The employer has presented no such evidence. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.