In the Matter of the Claim of LESLIE BROTHERS, Respondent, against HARRY STOCKFELD, Doing Business as NICKEL & CHROMIUM PRODUCTS Co., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by a non-insured employer from an award to claimant. While he was employed as a nickelplater, he fell down stairs, and was injured. Questions raised are that appellant was not the employer and that the employment was not one of those enumerated in the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ADOLPHUS CORT, Respondent, against EMERSON HOTEL and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier. The insurance carrier contends that the award is improper for the following reasons: 1. The award should have been made against the Special Fund under the provisions of section 25-a of the Workmen's Compensation Law. 2. The award in so far as it fixed the minimum rate of eight dollars is improper. The claimant was injured on September 21, 1927. The evidence shows that the case was an open case pending before the State Industrial Board on April 24, 1933. (Workmen's Comp. Law, § 25-a.) The award at eight dollars per week was in accordance with the provisions of the law. (*Matter of Callari* v. *New York State Railways*, 246 App. Div. 332.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRED LAIS, Respondent, against ISAAC GOLDMAN COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation under the Workmen's Compensation Law. Claimant became disabled as the result of the sequelæ of lead poisoning contracted in his employment with this employer. The questions raised are causal relation, failure to file a proper claim, and that the disease was not contracted within twelve months previous to the date of disablement. The medical evidence supported the finding of causal relation. A letter containing substantially all of the information that could be furnished by the claimant in a formal notice of claim was filed with and accepted by the State Industrial Board in lieu of a claim. The Board was also of the opinion that the twelve months' limitation in the first sentence of section 40 of the Workmen's Compensation Law did not apply because, as it found, the disease had been contracted in the employment of this present employer by whom claimant was employed at the time of his disablement, and he had continued in the same employment with the same employer from the time of contracting the disease to the date of disablement. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.