(January 14, 1953.)

■

RUTHE WEINMAN, Respondent, v. SIDNEY WEINMAN, Appellant.— Appeal from an order of the Supreme Court, Special Term, Ulster County, which directed the payment of $250 counsel fee and allowed alimony to the plaintiff in the sum of $50 a week for the support of herself and her two minor children. It has been stipulated in open court that the appeal be heard upon a record presented in typewritten form and consisting of the papers used in support of the order. The action is for a separation upon the grounds of cruel and inhuman treatment. Appellant urges that the Special Term did not have before it sufficient evidence to warrant a belief that plaintiff has a reasonable probability of success in the prosecution of the action, and that hence it was without power to make the order in question. Appellant also urges that in any event the Special Term abused its discretion in fixing the amount of alimony and counsel fee. Upon the record presented we can find no compelling reason to disturb the discretionary judgment exercised by the Special Term. Order unanimously affirmed, without costs, and the stay, heretofore granted, is vacated and set aside. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of JOSEPH LAWSON, Respondent, against LUCILLE PERRINI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and her insurance carrier from an award of compensation to claimant for partial disability from March 31, 1951, to June 30, 1951, at the rate of $12 per week, with payments to continue until there is evidence of a change in claimant's earnings. Claimant suffered an industrial accident by falling downstairs and received multiple injuries, including a fracture of the right radius, concussion of the brain and a laceration of the scalp. He was sixty-six years of age at the time. There is evidence to sustain a finding of some partial disability which, coupled with claimant's age, has evidently prevented him from securing employment. The award of $12 a week was the minimum provided by statute (Workmen's Compensation Law, § 15, subd. 6), unless this amount combined with claimant's decreased earnings or earning capacity exceeded the wages he was receiving at the time of the accident. While the board made no specific finding that the claimant's earning capacity was nil after the accident, we think this fact was implicit under the circumstances disclosed and hence the minimum award was proper. Subdivision 5-a of section 15 provides that the board may fix a ceiling as to earning capacity, where a claimant has no actual earnings, not in excess of 75% of his former full time earnings, but places no floor on the board's power to fix such capacity. Under the peculiar circumstances the award should be affirmed in this case. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.