In the Matter of the Claim of CLELIA BLUM, Respondent, *v.* JO-MAR SPORTSWEAR Co. INC., et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, November 8, 1963.

*John H. Roberts* for appellants.

*Benjamin Grossman* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henrietta Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* This is an appeal from a decision of the Workmen's Compensation Board which established a minimum rate of $20 per week for partial disability, pursuant to section 15 (subd. 6, par. [b]) of the Workmen's Compensation Law.

Section 15 (subd. 6, par. [b]) provides in part: " Compensation for permanent or temporary partial disability  *  *  * shall not exceed fifty dollars per week; nor be less than twenty dollars per week ".

The Referee determined that claimant had a 75% earning capacity and directed payments of $20 per week reduced earnings. The appellants upon application for review stated that claimant's average weekly wage was $30.19 and that 25% disability and 75% earning capacity would result in a rate for partial disability of $7.55 per week reduced earnings. They apparently relied upon the provisions of subdivision 5-a of section 15 which state in part: " The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings ".

The board determined the facts substantially as contended by the appellants but rescinded the 75% earning capacity and allowed $20 per week, the minimum under section 15 (subd. 6, par. [b]), as reduced earnings.

While there are no recent decisions, the law seems to be well established that the board could make such a determination. In *Matter of Lawson* v. *Perrini* (281 App. Div. 780) the court said: " While the board made no specific finding that the claimant's earning capacity was nil after the accident, we think this fact was implicit under the circumstances disclosed and hence

the minimum award was proper. Subdivision 5-a of section 15 provides that the board may fix a ceiling as to earning capacity, where a claimant has no actual earnings, not in excess of 75% of his former full-time earnings, but places no floor on the board's power to fix such capacity. Under the peculiar circumstances the award should be affirmed in this case.'' (See, also, *Matter of Tarter* v. *Pullman Co.*, 274 App. Div. 863; *Matter of Schultz* v. *Buffalo Union Furnace Co.*, 249 App. Div. 866; *Matter of Hawkins* v. *City of Poughkeepsie*, 244 App. Div. 851.)

Subdivision 5-a of section 15 is permissive and not mandatory in permitting the board to fix the wage-earning capacity of a claimant and, therefore, does not prohibit the board from awarding the minimum as prescribed (§ 15, subd. 6, par. [b]).

The appellants further contend that the board's decision is defective in not sufficiently setting forth the factual basis for its findings. The issues here concerned with the question of reduced earnings rate make applicable the statement of this court in *Matter of Cliff* v. *Dover Motors* (11 A D 2d 841, 842): '' Appellants object to the form of the board's memorandum decision as not containing ' a statement of the facts which formed the basis of its action '. (Workmen's Compensation Law, § 23.) We do not approve the form employed but in this case the conflicting issues were so limited and so clearly defined as to permit of no doubt as to the basis of the board's determination, and remittal would serve no useful purpose.''

The decision of the Workmen's Compensation Board should be affirmed, with costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.