### In re HIGHWAY CONST. CO. OF OHIO.

### INDUSTRIAL COMMISSION OF OHIO v. HIGHWAY CONST. CO. OF OHIO.
#### No. 8194.

Circuit Court of Appeals, Sixth Circuit.
June 28, 1939.

H. F. Adams, of Columbus, Ohio (Thomas J. Herbert, Atty. Gen. of Ohio, and Wm. J. Berwanger, Asst. Atty. Gen., and W. S. Cowan, of Columbus, Ohio, on the brief), for appellant.

W. H. Boyd, of Cleveland, Ohio (Boyd, Brooks & Wickham and Fackler & Dye, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from an order of the District Court overruling exceptions to the special master's report and approving the findings and conclusions of the master.

Appellee's petition for reorganization, filed on May 11, 1936, under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was approved by the court. Appellant, the Industrial Commission of Ohio, filed its proof of claim in bankruptcy for $170,520.-22, claimed to be due as unpaid payroll premiums required to be paid into the State Insurance Fund for the period from May 7, 1923, to November 7, 1933. Payments into the fund are measured and based upon the amount of the payroll. Section 1465-53, General Code of Ohio. Appellant also filed proof of claim for ten times this amount, or $1,705,202.20, under Section 1465-97, General Code of Ohio, as a penalty for misrepresentation of the amount of payroll. This question of penalty is not presented, for the District Court determined that under Section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j), no penalty or claim exceeding the amount of the unpaid premiums was allowable, and that ruling is not questioned here. Appellee, as debtor, objected to the allowance of these claims upon the ground that the Commission's findings were arbitrary and capricious and without supporting evidence. The master sustained these objections. Appellant's exceptions to the first report of the special master were sustained by the court, mainly upon the ground that the master had erroneously refused to admit as evidence appellee's income tax returns for the years involved. The matter was referred back to the special master for consideration of the income tax returns and other pertinent evidence. The master in his second report allowed $1,530.27 of the claim arising out of a failure to report payroll which is admitted by appellee, but disallowed the rest of the claim upon the ground that the Industrial Commission had not sustained the burden of proving that this amount was due. The District Court adopted the master's findings and conclusions.

Under Section 1465-53, General Code of Ohio, the Industrial Commission is required to classify occupations or industries

with respect to their degree of hazard, to determine the risks of the different classes, and to fix the rates of premium based upon the total payroll.

The Industrial Commission, after an investigation into the payroll accounts of the appellee, determined that for the period from May 7, 1923, to November 7, 1933, there was a deficiency of $3,241,995.73 in the payroll report, on which the sum of $170,520.22 was due as premium. The Industrial Commission arrived at its computation as follows: It considered all deposits made by appellee in the Lakewood Branch of the Guardian Trust Company, hereafter called the Lakewood Bank, as wages and salaries paid by appellee to its employees. This account ran for approximately ten years, during which time there was deposited in the bank to appellee's account $3,619,-288.69. To this amount the Industrial Commission added an estimation of payroll disbursements paid as wages and salaries, which did not pass through the Lakewood Bank. These estimates were all based upon calculations made by assuming that a certain percentage of the total deposits in the Lakewood Bank represented such payments.

The deposits in the Lakewood Bank, plus the additions, totaled $4,445,584.50. From this the Industrial Commission deducted amounts paid to appellee's subcontractors and paid on contracts in the State of Pennsylvania, aggregating $138,197.79, leaving a balance of $4,307,386.71, which the Industrial Commission found represented appellee's total reportable disbursements for the period in question. During that time appellee reported total disbursements of $1,065,390.98, and the deficiency was calculated by deducting that sum from the total reportable disbursements.

■■ Since the principal sum of the alleged deficiency is made up of the amount of deposits in the Lakewood Bank, and the additions thereto with only a very small exception were estimates based upon a percentage of the deposits, the case turns upon the question whether the Industrial Commission rightly considered the deposits in the Lakewood Bank as payroll. Appellee claims that the account in the Lakewood Bank was not used exclusively for payroll, but was a general banking account, from which very substantial amounts were taken for purposes other than payroll. The master and the District Court sustained this contention. The findings of the master were concurred in by the District Court, hence they are controlling here in absence of clear mistake. Fruehauf Trailer Co. v. Bridge, 6 Cir., 84 F.2d 660. We do not find that clear mistake exists.

The record supports the finding of the District Court that the Lakewood Bank account was not exclusively a payroll account. It is shown that out of the Lakewood Bank account some $74,000 was paid to the Lorain Journal Company for services which do not come under payroll, and money was withdrawn from this account for freight and material bills.

■ Appellee is engaged in the construction of highways and bridges. The master found, and the evidence shows, that much of appellee's work was done by subcontractors under independent contracts. Payment for performance of part of the subcontracts came from the Lakewood Bank, nine subcontractors having been paid in excess of a million dollars out of this account; but the total amount paid on subcontracts from this bank cannot actually be determined, inasmuch as part of appellee's records have been destroyed. It was shown that there were approximately 150 independent subcontractors. Appellee is not required to report payments to its independent contractors as payroll, and is not liable for premiums thereon.

Appellee's records were burned and destroyed during the latter part of 1933. Appellant contends that they were destroyed for the purpose of concealing information from appellant and its agents, but appellee contends, and the court found, that they were burned for the purpose of providing more storage room. Appellee's reports for the period were annually audited and approved by agents of the Industrial Commission at a time when all records and data were available.

Appellant contends that the percentage of labor reported to the Commission, in proportion to gross income averages 5.45 in the years from 1925 to 1933, and that during the year 1933 the percentage to gross income was 33.96; that the income tax returns for the years from 1925 to 1933 show $7,321,501 reported by appellee as labor, while only $999,332 was reported as payroll to the Commission; that during the years from 1926 to 1933, the income tax returns of appellee showed that it owned in round numbers from $440,000 to $495,000 in machinery and equipment. The Industrial Commission therefore argues

that misrepresentation is plainly shown; that its certified finding of deficiency is made by the Ohio statute prima facie evidence, (Section 1465-75, General Code), and that appellee has not rebutted the certificate filed as proof of claim. It contends that the court incorrectly applied the rule of burden of proof, urging that under the rule laid down in Whitney v. Dresser, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584, the sworn proof of claim in bankruptcy shifts the burden of proof to appellee. But Whitney v. Dresser construed Section 57f of the Bankruptcy Act, 11 U.S.C.A. § 93(f), and reorganization proceedings are expressly excluded from the application of Section 57f by 11 U.S.C., Section 207(k) 11 U.S.C.A. § 207(k). Hence Whitney v. Dresser does not control in reorganization proceedings. In re Annin & Co., 2 Cir., 95 F.2d 381, 383.

The claim is prima facie proof. But prima facie proof is rebuttable. Cf. Kelly v. Jackson, 6 Pet. 622, 8 L.Ed. 523. Appellee introduced evidence tending to rebut appellant's claim, and it was therefore incumbent upon appellant to introduce evidence to establish its claim. Alexander v. Theleman, 10 Cir., 69 F.2d 610.

It is true that the income tax returns indicate a much larger labor expense than appellee reported, and that the shift of labor expense from 7.93 per cent. of gross income for 1932 to 33.96 per cent. for 1933 indicates suppression of payroll. However, the income tax returns included all amounts paid to independent contractors, over a million dollars of which, paid to only nine subcontractors, was shown to have come out of the Lakewood Bank account, and also included labor expenses on contracts performed in Florida, Pennsylvania and Cuba. Such items, under the law, are not reportable as payroll.

We agree with the conclusion of the District Court that "While * * * there is a probability of some underpayment of premiums, yet it has been found impossible, from the evidence and in the light of the Master's finding, definitely to reach such conclusion." We do not find that there is such plain mistake as to justify reversal of the order.

The allowance of the claim in the amount of $1,530.27 arose out of a confusion as to the rate classification for the period from November 7, 1932, to May 7, 1933, and an admitted mistake made by appellee in its payroll report for the following six months period. The allowance is supported by the record.

The order is affirmed.