In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of FIDEL ASSOCIATION OF NEW YORK, INCORPORATED, Employer, Appellant.

FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, May 15, 1940.

*Joseph R. Kelley* [*James W. Havighurst* of counsel], for the appellant.

*John J. Bennett, Jr.,* Attorney-General [*Francis R. Curran, W. Gerard Ryan,* Assistant Attorneys-General, of counsel], for the respondent.

HILL, P. J. The Unemployment Insurance Appeal Board, in a proceeding instituted under the provisions of the Labor Law (§ 523), has determined that appellant is liable for contributions upon the earnings of its salesmen. This appeal is permitted by the Labor Law (§ 535).

The employer, a New York State corporation, is a wholly-owned subsidiary of Fidelity Investment Association, a West Virginia corporation. It contracts with investors to issue bonds or undertakings similar to the baby bonds issued by the United States government, whereunder the purchaser agrees to make monthly

payments over a period of years and at maturity to receive the aggregate of the monthly deposits, with interest, in a lump sum payment or in installments as an annuity spread over an agreed number of years. Members of the public are induced to make these contracts through the efforts of salesmen, who work upon a commission basis. The Appeal Board has determined that the salesmen are employees, and that appellant is subject to a payroll tax upon their commissions to be paid into " The Unemployment Insurance Fund." (Labor Law, § 514.) Appellant argues that the payments made to the salesmen are not wages but in discharge of its obligations to them as independent contractors.

Written agreements are made between appellant and its salesmen whereunder the latter *inter alia* agree not to solicit subscriptions in a dishonest or unethical manner nor engage in any conduct which will adversely affect the business, good standing or reputation of the appellant. The contract provides that a salesman " shall be free to exercise his own judgment in selecting persons from whom he will solicit subscriptions, and in choosing the time, place and manner of solicitation * * * " and " nothing contained in this agreement shall be construed to create the relationship of employer and employee between the party of the first part and the party of the second part." The latter provision is not determinative of the relation in the event that the actualities indicate otherwise. (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60.)

The salesmen receive portfolios containing advertising material; are requested to file weekly reports of their activities; to call daily at headquarters to attend meetings whereat methods of canvassing are advocated and discussed. No expense allowance is made, but while attending the meetings they are permitted the occasional use of the company telephone. Prospects are not invited to meet the salesmen at the company's office.

Five of appellant's salesmen gave evidence concerning the actual relationship with appellant employer: (1) A sewing machine agent who worked at his regular occupation from nine-thirty A. M. until five or six in the afternoon and sold rock wool insulation and roofing in the evening. At the time he gave his testimony he was spending about two hours a week canvassing for the sale of the bonds. Before he began selling insulation and roofing he had averaged not over six hours a week. He attended the daily meetings " possibly once a month." He had made only two weekly reports in a year and a half and during that time had earned between $75 and $100. (2) Began work for appellant in August, 1938; was engaged in the real estate business and working for the Nassau County Chamber of Commerce in a membership drive. He devoted from

one-third to one-half of his time to appellant's work, and in a year had earned about $150. He attended the meetings "perhaps once a week," and as to weekly reports, he said, "Well, I try to be regular but I fear that I have slipped up on some of the report cards." (3) A housewife, whose husband is engaged in the rug business, devotes three or four hours a day to the work about four days a week when her household duties will permit. She says as to her earnings, "Oh, I imagine five or six hundred a year." As to making reports, she says, "Oh, we're supposed to once a week. * * * It isn't compulsory. They like for you to." She attends meetings about four times a week. (4) Says concerning his regular occupation, "I'm in the engineering field business, drafting, designing and general engineering practice, hydraulics," working with "William I. Klein, Consulting Engineer, East Orange, N. J." from nine to five each day except Saturday, which is a half holiday. He gives some time to appellant's work "evenings and Saturdays and week ends" and whenever he has an opportunity. He does not turn in weekly report cards, and says there is no requirement that an agent attend meetings, only "the general encouragement given to all representatives to attend meetings." In over three years his earnings have aggregated $1,500. (5) A salesman for about eleven months. He is in the general insurance and real estate business and during his entire connection with the company has devoted about twelve to fourteen hours to the work. He attended meetings on four different occasions and made about nine sales.

"As a general rule, where a person is employed to perform a certain kind of work * * * which requires the exercise of skill and judgment, * * * the execution of which is left entirely to his discretion, with no restriction as to its exercise and no limitation as to the authority conferred in respect to the same, and no provision is especially made as to the time in which the work is to be done, or as to the payment for the services rendered, and the compensation is dependent upon the value thereof, such person does not occupy the relation of a servant under the control of the master, but he is an independent contractor." (*Hexamer* v. *Webb*, 101 N. Y. 377, 383.) An independent contractor is one who may perform the work at any reasonable time after the agreement has been made and is free to proceed in accordance with his own ideas and not subject to direction in respect of the method, means or procedure used, nor subject to discharge because the work is done in one way rather than in another. (*Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321; *Matter of Beach* v. *Velzy*, 238 id. 100.) "An agreement to perform work is not in true sense a contract of employment unless the workman is bound to submit to the will of

the person for whom the work is to be done, in regard to all the details of the work. Right to specify the work to be done, even right to require that in specified matters the workman shall submit to the will and directions of the person for whom the work is to be performed, is not sufficient to create the relation of master and servant. So long as the workman retains, even with such limitations, the right to determine the details of the performance of the work, he is rather an independent contractor than a servant and his work, though performed in furtherance of the ' business ' of another person, remains the ' business ' of the workman." (*Irwin* v. *Klein,* 271 N. Y. 477, 485.) The employees who gave evidence as outlined and all others who worked under like circumstances, used such methods and arguments as to them seemed effective; devoted as much or as little time to the work during such hours of the day or evening as they chose. In some instances there was no canvassing for days and weeks. The attendance at meetings with other salesmen and the weekly report card were desired but not required. Appellant's sole interest was in the result obtained. The salesmen are not employees but independent contractors. *Matter of Jacobi* v. *Supreme Junior Coat Co., Inc.* (268 N. Y. 654) and *Matter of Bettinger* v. *Federal Concrete Co., Inc.* (Id. 655) do not deal with the distinction between employee and independent contractor. In each the injured person was concededly an employee, the issue being whether there were two employers.

The decision of the Appeal Board is reversed on the law, with costs.

The court disapproves of the findings of fact and conclusions of law made and makes a new finding as matter of law that the salesmen of appellant, under the proof submitted, are not employees but independent contractors.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decision of the Appeal Board reversed on the law, with costs against the Appeal Board.

The court disapproves of the findings of fact and conclusions of law made and makes a new finding as a matter of law that the salesmen of appellant, under the proof submitted, are not employees but independent contractors.