In the Matter of the Claim of CLARENCE EMPIE, Respondent, against ARTHUR COSSART, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board to claimant for partial disability. Claimant was a painter and paper hanger by trade. The alleged employer, who was not insured, owned a dwelling house jointly with his wife. A local school teacher boarded with them and from the evidence it might be found that they accepted tourists from time to time as paying guests. In April, 1937, claimant had a conversation with the alleged employer in which the latter said that he wanted some painting work done, and asked claimant if he could do it. The proposed work related to painting a part of the building and applying putty to certain windows. Claimant indicated he would do the work for sixty-five cents an hour. He apparently controlled his own time, and the work appears to have been done at odd times. Ladders and brushes were furnished by claimant and also some putty. The owner furnished the paint. Aside from some instructions as to what portions of the building were to be painted and some trifling directions in connection therewith the owner exercised no supervision as to the manner in which the work was done. While so engaged claimant fell and was injured. It has been found that he was an employee and that the owner was engaged in a business for pecuniary gain. We reach the conclusion that claimant was an independent contractor and not an employee. (Ball v. Estate of Bertelle, 201 App. Div. 768; Matter of Boardway v. Kellas, 233 id. 781; affd., 258 N. Y. 545; Matter of Beach v. Velzy, 238 id. 100.) Moreover, on the facts in this case the owner cannot be justly found to have been engaged in a trade, business or occupation for pecuniary

gain within the meaning of the Workmen's Compensation Law. Award reversed and claim dismissed, with costs to appellant against the State Industrial Board. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.