In the Matter of the Claim of ANTONIO MARINACCIO, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from a decision of the State Industrial Board denying appellant's application to classify this case as one coming under section 25-a of the Workmen's Compensation Law. The claimant, in the employ of the city of New York, suffered an accident on February 6, 1932. Awards were made to him in April and September, 1932, and with the latter award the case was closed. On May 31, 1933, claimant wrote to the Department of Labor as follows: " Referring to my case 2.22.33 about my eyes, same is not all cured. I would like to apply for compensation. Kindly advise me what to do." The letter was received June 2, 1933. The application was acknowledged on June 21, 1933, with instructions as to what claimant should do. Claimant subsequently filed a medical report showing the extent of his injuries. Claimant's application was filed on May 31, 1933, which was within seven years from the date of his accident. The award is not payable out of the Special Fund established pursuant to the provisions of section 25-a of the Workmen's Compensation Law. (*Matter of Ludgen* v. *Jamestown Asphalt Paving Materials Corp.*, 257 App. Div. 881.) Decision of the [State] Industrial Board unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of ABE GLASS, Respondent, against HUDSON GLASS Co. and the TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted to the [State] Industrial Board for an award in accordance with the statute so that appellants shall be allowed to deduct from future payments excessive payments already made. (See *Matter of Callari* v. *New York State Railways*, 246 App. Div. 332; affd., 272 N. Y. 656.) Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.

In the Matter of the Claim of MARION MCCARTHY, Respondent, against 2009 LAFONTAINE AVENUE CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by employer from award in favor of the claimant for death benefits. The appeal is from a decision and award of the referee who found that claimant was killed while engaged in repairing a leak in a boiler contained in an apartment house owned by appellant and that prior to and at the time of the accident decedent " was a steadily employed W. P. A. worker and lived in the apartment house where the explosion occurred." Decedent was a steamfitter and prior to the accident had never performed any work of any kind for appellant. The undisputed evidence convinces us that decedent was an independent contractor who had agreed to do a specific job for a lump sum. He was in no sense an employee of appellant, and the decision and award of the referee should be reversed and claim dismissed. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100.) Award reversed and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Bliss, Schenck and Foster, JJ., concur; Heffernan, J., dissents and votes to affirm the award.