**In re WILSON.**

No. 27909.

District Court, N. D. New York.

Sept. 27, 1940.

392

John J. Bennett, Jr., Atty. Gen., (W. Gerard Ryan and Francis R. Curran, Asst. Attys. Gen., of counsel), for the State of New York.

Hynes & Burns, of Watertown, N. Y., for bankrupt.

Henry A. Hudson, of Watertown, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a petition by the State of New York to review the decision of the Referee disallowing a claim for unemployment insurance taxes in the amount of $286.06. The Referee found that the bankrupt did not have four persons in his employ and hence was not liable for unemployment insurance taxes.

The dispute resolves itself into a determination of whether the relationship existing between the bankrupt and one Wayne S. VanAllen and that between the bankrupt and one Myrtle M. Becker was that of employer and employee. It appears that the bankrupt had oral arrangements with VanAllen and Becker to furnish each with stocks of merchandise on consignment, the merchandise to be sold by them on commission. Both VanAllen and Becker rented their own stores and paid all the expenses of operation, including additional help when needed. Each determined prices and what credit was to be extended. VanAllen deposited receipts in a bank to the credit of the bankrupt and Becker paid the money, less commissions to the bankrupt. In fact, the sole contact that the bankrupt had with either store was to furnish the goods and collect the money due him.

On these facts, the State contends that VanAllen and Becker were employees of the bankrupt, thus making, with the bankrupt's other employees, at least four persons, thereby creating liability for unemployment insurance taxes. In support of its position, the State cites In re Perdziak, Third Dept., 259 App.Div. 950, 19 N.Y.S.2d 1000, where in an action for unemployment insurance benefits the claimant who purchased his truck from his "employer" and paid for the same out of his commissions on sales of goods supplied by the "employer" was an "employee" within the meaning of the unemployment insurance statute, Labor Law, § 500 et seq., Consol.Laws N.Y. c. 31. The facts of that case indicate, however, that the claimant therein was subject to extensive control. He had to start at a fixed time each morning and report in each evening. The "employer's" manager frequently went around the claimant's route and gave him instructions. Sales slips were made out in the name of the "employer" and the truck carried the "employer's" name.

Such a set of facts is very different from that at bar. While it may be recognized that the remedial nature of the legislation in question makes it necessary that a more liberal determination of the scope of the term "employee" be given than that which might be the rule in the field of tort law, not every relationship is therefore to be made that of employer and employee. Some measure of control must exist, though it be a lesser degree than that determinative in the tort field. Matter of Fidel Association of New York, Inc., Third Dept., 259 App.Div. 486, 20 N.Y.S.2d 381.

Here VanAllen and Becker were little more than local outlets for the bankrupt's merchandise. If they chose not to buy from him, they might buy elsewhere. They were independent businessmen differing from the ordinary merchant only in that they operated on a commission rather than a profit basis. That one factor alone was insufficient to turn them into employees.

The claim of the State of New York is therefore denied and the decision of the Referee affirmed.

Settle order on notice.