In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by ALEXANDER MILLER, Claimant.

PHILIP AMIGONE, Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, July 2, 1941.

*Benjamin Franklin* [*Samuel E. Chasin* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General; W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General*, of counsel], for the respondent.

HEFFERNAN, J. Appellant has come to this court from a decision of the Unemployment Insurance Appeal Board, which affirmed a decision of an Unemployment Insurance Referee, determining that claimant is an employee of appellant and hence entitled to be credited with his earnings in such employment as a basis for unemployment insurance benefits.

The facts are not in dispute and only a question of law is presented for decision.

On February 3, 1938, appellant, the owner of a restaurant and night club known as Chez Ami in the city of Buffalo, N. Y., and Royal Worth entered into a written contract reading as follows:

" It is agreed that Royal Worth will furnish an orchestra consisting of Twelve (12) men, to play in the Chez Ami Club between the hours of 7:00 P. M. to 9:00 P. M. and 10:00 P. M. to 3:00 A. M. daily.

" It is agreed that this contract is to be in effect for a period of four (4) weeks, with the proviso that Phil Amigone, owner of the Chez Ami Club has the option to extend said contract for a period of four (4) weeks upon the mutual agreement of both parties hereto.

" For said services Phil Amigone, owner of Chez Ami Club, agrees to pay Royal Worth, the sum of Seven Hundred and Fifty (750.00) dollars weekly."

The sole question to be determined is whether or not appellant was claimant's employer within the meaning of article 18 of the Labor Law.

From February 3 to July 12, 1938, Worth's orchestra, of which claimant was a member, furnished music at appellant's establishment. Claimant was a member of the orchestra prior to the date when Worth made his contract with appellant. He continued as a member thereof for some time after the termination of that contract.

Worth's orchestra was not assembled or organized for the purpose of playing at the Chez Ami. It was a completed unit before that contract was made. Worth evidently intended that it should be a permanent organization which he expected would rapidly gain recognition by those catering to night club frequenters. The orchestra included a number of expert musicians whose services were obtained by Worth on the promise that he would pay them more than the union scale of wages. In fact the evidence discloses that Worth paid his musicians an amount in excess of that which

he received from appellant. None of the members of the band was employed by appellant, or carried on his payroll. He had no supervision over them and no authority to direct or control their actions. Appellant could not employ or discharge claimant. In fact it was conceded that he had no authority to either make or even suggest changes in the personnel of the organization. At the end of each week appellant paid Worth the sum stipulated in the contract. The latter paid the members of his band.

From the proof in this record there cannot be the slightest doubt that Worth was an independent contractor and that claimant and the other members of the orchestra were his employees. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Uppington* v. *City of New York*, 165 id. 222; *Matter of Beach* v. *Velzy*, 238 id. 100; *Brown* v. *Hotels Statler Company, Inc.*, 260 App. Div. 972.)

Although it is apparent from an examination of cases involving the independent contractor relationship that there is no absolute rule for determining whether one is an independent contractor or an employee, and that each case must be determined on its own facts, nevertheless, there are many well-recognized and fairly typical indicia of the status of an independent contractor, even though the presence of one or more of such indicia in a case is not necessarily conclusive. It has been held that the test of what constitutes independent service lies in the control exercised, the decisive question being as to who has the right to direct what shall be done, and when and how it shall be done. Practically every contract for work to be done reserves to the employer a certain degree of control, to the end that he may see that the contract is performed according to specifications. The employer may exercise a limited control over the work without rendering the employee a mere servant, for a relation of master and servant is not inferable from a reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative, so long as he does it in accordance with the contract. The control of the work reserved in the employer which effects a master-servant relationship is control of the means and manner of performance of the work as well as of the result; an independent contractor relationship exists where the person doing the work is subject to the will of the employer only as to the result, but not as to the means or manner of accomplishment. Accordingly where an employer may prescribe what shall be done, but not how it shall be done or who shall do it, the person employed is an independent contractor. (27 Am. Jur., Independent Contractors, §§ 2, 3, 5, 7; 31 C. J. 473.)

The respondent is relying on *Rogavin* v. *Center Restaurants, Inc.* (259 App. Div. 774) and *Ajello* v. *Savarins Management, Inc.* (Id. 949). The cases cited have no application to the facts in the case before us.

In the *Rogavin* case the contract was executed by one Azpiazu " individually and as agent for his orchestra," one of whom was the claimant. Under the agreement each member of the orchestra was employed by the restaurant company and it reserved the right to direct and control in many respects the manner in which such members should perform their services. In fact the contract provided that the restaurant should have " personal supervision and control of the artists at all times."

In the *Ajello* case the employer secured the services of one Barrett, an orchestra leader, to assemble an orchestra to furnish dance music at its restaurant. Claimant became a member of the orchestra for that special engagement. Barrett was the employer's agent and the contract in that case specifically provided that claimant and the other members should be deemed to be employees of the appellant.

In the case under consideration Worth executed the contract not as an agent but as a principal. In the instant case all the elements upon which liability was predicated in the *Rogavin* and *Ajello* cases are lacking. The facts are entirely dissimilar.

The decision appealed from should be reversed, with costs against respondent, and the proceeding dismissed.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Decision reversed, with costs against respondent, and proceeding dismissed.