## In re HOTEL MARTIN CO. OF UTICA.

District Court, N. D. New York.

Oct. 4, 1941.

August Merrill and S. Sheldon Judson, both of Utica, N. Y. for trustee.

John J. Bennett Jr., Atty. Gen., of New York, and W. Gerard Ryan and Francis R. Curran, Asst. Attys. Gen., for State Department of Labor.

COOPER, District Judge.

The trustee of the debtor applied to this Court on notice for an order restraining the holding of a hearing to be held April 29, 1941, before a Referee of the Department of Labor of the State of New York to determine the debtor's liability for pay roll contributions as an alleged employer of labor subject to the New York State Unemployment Insurance Law (Labor Law, Consol, Laws, c. 31, art. 18, § 500 et seq.).

The tax claimed by the State is a balance of unemployment insurance tax for the years 1936, 1937, 1938 and the first nine months of 1939. The balances claimed for those years are as follows:

| | Balance | Interest to Jan. 15, 1940 |
|---|---|---|
| 1936, | $ 79.44 | $ 15.88 |
| 1937, | 196.04 | 29.51 |
| 1938, | 146.06 | 46.79 |
| 1939, | 1205.50 | 47.83 |
| | $1627.04 | $140.01 |

Penalty $443.75, making a total of $2,210.-80.

The debtor had paid unemployment insurance contributions for those years as follows:

| 1936, | $ 7,944.10 |
|---|---|
| 1937, | 8,802.05 |
| 1938, | 4,868.73 |
| 1939 (9 months), | 2,692.50 |

It is reasonably clear that the balance claimed by the Unemployment Insurance

Department of the State arises from the claim by that department that the debtor is liable for tax contributions upon the wages of members of orchestras playing in debtor's hotel. The debtor shows in its petition that it made a contract with the leader or owner of the orchestra to pay for a specified time for a lump sum to be paid to the owner or leader of the orchestra and that it had no dealings with the members of the orchestra, never paid them any wages and by necessary inference has no knowledge of the wages they received from the leader; that the orchestra owner was an independent contractor and that the debtor is not liable for any unemployment insurance contributions upon the wages received by the members of the orchestra from the owner thereof.

The State Department appears specially by the Attorney General and questions the jurisdiction of this Court to pass on the legality or amount of such contributions; that the same must be determined exclusively under the provisions of the State Law, which contains provisions for appeal to State Courts and that therefore this Court has no power to determine the validity or amount of such tax contributions nor to stay the procedure provided by state law for such determination.

On January 26, 1940, the New York State Department of Labor filed a claim in this Court with the trustees for such $2,210.80 unemployment insurance taxes, interest and penalties, and claimed priority over the debts of the debtor and claims submitted in this proceeding, and demanded payment in full.

The debtor contends that by so doing the State Department submitted its claim to this Court and cannot now be heard to deny the Court's jurisdiction to pass upon the legality and amount of the claim and its priority.

Certain it is that there is no authority in the State statute to enable the Department to determine the priority of its claim over all other claims especially tax claims of the various taxing agencies municipal, State and Federal.

It appears also by the reply or answer to the petition on this motion that the Trustee by letter to the Industrial Commission on September 5, 1940, claimed to be aggrieved by the aforesaid determination of taxes due from the debtor as aforesaid and requested a hearing thereon.

It is sufficient to say regarding this that such action of the trustee was without authority of this Court and was without any legal effect whatever, the Trustee being the agent of this Court and having no power without Court approval, by such action or otherwise, to oust this court of any jurisdiction it may have, to determine the legality, amount and priority of the claim in question, or to submit the same to any state administrative agency or court.

It is claimed by the State Department that the hearing set for April 29, 1941, before the Insurance Referee was pursuant to such request of the debtor and to Sec. 523 of the Unemployment Insurance Law (Art. 18 of the Labor Law).

It is this hearing which the debtor now seeks to restrain.

What has been said sufficiently disposed of the Department's contention that the hearing was to be held pursuant to the request of the debtor.

The respondent contends that the "United States District Court sitting in Bankruptcy does not have power to revise and redetermine State taxes which the state has already determined through its own taxing officials and in accordance with the procedure prescribed by valid state legislation."

To support its contention the respondent department cites many cases such as Arkansas Corp. Comm. and 51 County Tax Collectors of Arkansas v. Guy A. Thompson, as Trustee of the Missouri Pacific Railway, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244; Matter of 168 Adams Building Corp., 7 Cir., 105 F.2d 704; City of Springfield v. Hotel Charles Co., 1 Cir., 84 F.2d 589; First National Bank of Greeley v. Board of Commissioners of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; Eldredge Brewing Company v. City of Portsmouth, 1 Cir., 118 F.2d 410; In re Hotel Martin Co. of Utica, 2 Cir., 114 F.2d 43; Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78; Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Matter of New York O. & W. R. Co., D.C., 25 F.Supp. 709.

It appears that nearly all of such cases relate to assessments upon real property made by statutory assessment authorities, whose assessed valuation is final unless reversed by the Courts upon appeal and review is provided by State Law and in which the debtor had not taken such appeal and review.

The New York, O. & W. R. Co. case was a utility tax on gross income.

The Hotel Martin Co. case was a street assessment for street extension.

The Boteler case was confined to the question whether or not a trustee must pay the penalty fixed by state law as well as the license for operation of an automobile in California as Trustee in Bankruptcy.

Pennsylvania v. Williams et al., 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, was not a tax case at all but involved the question of whether a Federal Court should entertain a suit by a stockholder for liquidation of an insolvent building and loan association or require the stockholders and others to follow the state statute for liquidation by the State Secretary of Banking.

The Arkansas case, supra, illustrates the law relative to real property assessments by state or local authorities where the review of the assessments as provided by law was not taken.

The Court held that the Corporation Commission of Arkansas was a quasi judicial agency and that where court review in the state Courts was not taken there was no intention in the bankruptcy law to give the bankruptcy court power to have a second trial of the valuation of the real property fixed by the State Board. Such is the effect of others of the cited cases which relate to real property assessments. These cases have little analogy to the case at bar.

This was not a real property assessment or a street opening assessment in the Hotel Martin Co. case.

█ Here the State Unemployment Insurance Department levied a tax or rather a forced contribution from the debtor upon wages of members of an orchestra as employees of the debtor when it is claimed with much force and ample authority that they were not employees of the debtor but of an independent contractor, and that the debtor was not liable at all.

The debtor urges that when the so-called tax claim was questioned by the debtor bankrupt on the ground that the debtor is not liable for such taxes but that the imposition thereof was arbitrary, unfair, without legal basis, fraudulent, or proceeding upon erroneous principles, the bankruptcy Court will take jurisdiction to determine whether or not the imposed tax was legally imposed and the amount in such case lawfully imposed.

The case of State of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284, was distinguished by the Court in the Arkansas case, supra. In the New Jersey case, the debtor company was in ordinary bankruptcy and the Court held that a New Jersey capital stock tax levied upon $40,-000,000 capital stock was error where the whole amount of capital stock outstanding amounted to $10,000,000. The District Court held it had jurisdiction and the decision was affirmed by the U. S. Supreme Court.

The Matter of 168 Adams Building Corporation, 7 Cir., 105 F.2d 704, held that in reorganization proceedings the District Court had power to pass on tax claims as a matter of necessity in reorganization proceedings. Quite true the C. C. A. in the first circuit has held to the contrary, both in the Hotel Charles Co. case, supra, and the Eldredge Brewery Company case, supra, but both of these were assessments on real property in which no attempt had been made to review under the state statute. No such situation exists here.

In the case of In re Highway Construction Company of Ohio, 6 Cir., 105 F.2d 863, the debtor was in reorganization proceedings. There, as here, the Industrial Commission of Ohio filed claims for unpaid premiums alleged to be due the State Insurance Fund and for penalties. The power of the Federal Court appears not to have been questioned. The Federal Court passed on the claim, reduced it almost to the vanishing point and the same was upheld by the Circuit Court of Appeals.

In Parsons et al. v. Detroit & Canada Tunnel Company, D.C., 15 F.Supp. 986, 996, the Tunnel Company was in reorganization proceedings in the Federal Court and the Court said: "It follows, therefore, that the present trustee, who is in control of the property in question, can only pay the taxes here involved after the amount thereof has been fixed by this court in these receivership proceedings."

This was affirmed so far as it enjoined the collection of any more taxes based upon the assessments in controversy, City of Detroit v. Detroit & Canada Tunnel Co., 6 Cir., 92 F.2d 833.

In Re Willett-Baker Lumber Corporation D.C.E.D. N.Y., 31 F.Supp. 130, the claim of the Division of Placement and Unemployment Insurance of the State of N. Y., the same claimant as here, for taxes against the debtor under the same state

statute, was reduced by the Federal District Court on the ground that the employer was not liable as he no longer had four men in his employ. In principle this case was in close analogy, for here the debtor contends that the members of the orchestra were not his employees but employees of the independent contractor. See, also, A. P. W. Paper Company v. Riley, Collector, D.C., 12 F.Supp. 738.

That there are cases holding both ways must be conceded but the cases denying the Court jurisdiction almost entirely relate to assessments on real property and those holding that the District Court has jurisdiction both in bankruptcy and in reorganization proceedings, which relate to claims for alleged taxes analogous to the claim here, where it is contended by the debtor that there is no tax liability or that the wrong principle has been enforced or that an error in computation has been made.

Here the contention is flatly made that the debtor is not liable for any taxes for the reason that the persons upon whose salaries the alleged tax or contribution was made were not employees of the debtor but of an independent contractor.

The Court decisions of recent date have decided that under the contracts and circumstances here shown, members of the orchestra are not employees of the hotel, but of an independent contractor, the owner of leader of the orchestra, who made a lump-sum contract for the services of the orchestra and who retains sole power to hire and discharge the members thereof. Such cases are Matter of Empie v. Cossart, 259 App.Div. 941, 20 N.Y.S.2d 3; McCarthy v. 2009 La Fountaine Avenue Corporation, 259 App.Div. 947, 19 N.Y.S.2d 809; Matter of Ajello (Savarins Management Inc. v. Miller), 259 App.Div. 949, 19 N.Y.S.2d 886; Claim of Miller (Appeal of Amigone), 3rd Department, 262 App.Div. 385, 29 N.Y.S.2d 15.

Whether the case at bar comes within these cases will depend upon the facts involved in these orchestra contracts and the control of the debtor over the members of the orchestra. These facts cannot be determined until the proof is presented.

Expedition in the transaction of bankruptcy or reorganization proceedings is best served by the bankruptcy court disposing of alleged claim for taxes or pay roll contributions.

Motion is granted.

Upon proper application bringing the matter before the Court, this Court will hear the evidence and determine the validity and amount of the claim, at a time agreeable to the parties and on short notice to the Court.