In the Matter of the Claim of HAZEL MACE, Respondent, against MORRISON & FLEMING et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 10, 1943.

*Dugan, Barkhuff & Dugan,* attorneys (*Kenneth J. Dugan* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Emmeline E. Ferris, Assistant Attorney-General,* of counsel), for State Industrial Board.

*David B. Alford,* attorney for claimant, respondent.

HEFFERNAN, J. The alleged employer and its insurance carrier have appealed from an award of death benefits made by the State Industrial Board in favor of the widow of Franklin Mace, deceased.

We are again confronted with the age-old question as to whether deceased was an employee or an independent contractor. The State Industrial Board found that he was an employee. If that finding is supported by competent evidence we must affirm the determination.

The alleged employer is a copartnership operating a sales and service agency for Ford automobiles. The undisputed testimony is that in June, 1939, Mace began selling cars for the firm on a commission basis. This amounted to twenty dollars on the sale of a new car and five per cent of the cash involved on the sale of a used car. In the case of a used car, if there was a trade-in, his commission would be five per cent of the difference between the sale price and the allowance for the car taken in trade. For any sale of one hundred dollars or less he received five dollars.

Mace was paid no salary and his name was not carried on the payroll. He had no drawing account, received no allowance for expenses, and was assigned to no particular territory. He was free to sell cars wherever he pleased. He was not required to work on any particular day. In other words he worked when he pleased and where he pleased. He also sold cars for another concern. He was not required to make reports of any kind; neither was he obligated to attend sales meetings. No control or supervision was exercised over him. When he called and asked for a car to sell he was told the price and the down and monthly payments which .the owner required. In testifying as to the arrangement under which Mace sold cars a member of the partnership made the following explanation:
" Q. Or did you have any control or supervision over his method

of operation at all? A. No, only the price of the car, that was all. Of course, we gave him the price of the car when he started out with it, and he had to get that price for the car, that's all. Q. That is, he came in and asked for a car, you told him what the price was and the down payment, and the monthly payments — A. Yes. Q. (Continuing) — and from then on he was his own boss — is that it? A. That's it, yes, sir, correct.''

On the evening of March 6, 1941, while Mace was a passenger in an automobile owned by the partnership, which was being demonstrated for a prospective purchaser, the car left the highway, collided with a pole and Mace was fatally injured.

Notwithstanding the fact that the doctrine of independent contractor relationship is being gradually obliterated in this State by judicial erosion, on the record before us the conclusion is inescapable that Mace was an independent contractor and not an employee.

Although it is apparent from an examination of cases involving the independent contractor relationship that there is no absolute rule for determining whether one is an independent contractor or an employee, and that each case must be determined on its own facts, nevertheless, there are many well-recognized and fairly typical *indicia* of the status of an independent contractor, even though the presence of one or more of such *indicia* in a case is not necessarily conclusive. It has been held that the test of what constitutes independent service lies in the control exercised, the decisive question being as to who has the right to direct what shall be done, and when and how it shall be done. Practically every contract for work to be done reserves to the employer a certain degree of control, to the end that he may see that the contract is performed according to specifications. The employer may exercise a limited control over the work without rendering the employee a mere servant, for a relation of master and servant is not inferable from a reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative, so long as he does it in accordance with the contract. The control of the work reserved in the employer which effects a master-servant relationship is control of the means and manner of performance of the work as well as of the result; an independent contractor relationship exists where the person doing the work is subject to the will of the employer only as to the result, but not as to the means or manner of accomplishment. Accordingly, where an employer may prescribe what shall be done, but not how it shall be done or who shall do it, the person employed

is an independent contractor. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Uppington* v. *City of New York,* 165 N. Y. 222; *Matter of Beach* v. *Velzy,* 238 N. Y. 100; *Matter of Brown* v. *Hotels Statler Company, Inc.,* 260 App. Div. 972; *Matter of Miller,* 262 App. Div. 385; 27 Am. Jur., Independent Contractors, §§ 2, 3, 5, 7; 31 C. J., Independent, p. 473.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

CRAPSER and SCHENCK, JJ., concur with HEFFERNAN, J.; HILL, P. J., dissents on the authority of *Matter of Henault* v. *Endres Co.* (251 App. Div. 758); *Matter of Link* v. *Kennedy* (231 App. Div. 775); BLISS, J., taking no part.

Award reversed and claim dismissed, with costs against the State Industrial Board.