Santry, J.
The claimant was engaged in selling life insurance policies for The New York Life Insurance Company. On January 16, 1947, she had called on a prospect, and at the conclusion of the call while returning to her car, she slipped and fell on a wet sidewalk and sustained a fracture of the leg.
When claimant went to work for the insurance company she signed a written contract which provided, among other things, that her relationship to the company was to be regarded as that of an independent contractor and not as that of employer and employee. The contract provided that she was to be free to exercise her own discretion and judgment with respect to the persons from whom she would solicit applications and with respect to the time, place and manner of solicitation. Her compensation was based on commissions alone. She also was furnished a second document designated as “ Nylic No. 4,” which set up a system of benefits for soliciting agents of the company who complied with the conditions and rules stated therein, and whose service with the company brought them within the provisions of the plan. These benefits consisted chiefly of the right to receive renewal commissions contingent on the production of a stated amount of business annually and continuing to work for the company for certain periods of time.
The main question involved here is whether the claimant was an employee of The New York Life Insurance Company or an independent contractor. Ip the contract executed by the parties it was expressly and definitely provided that she was to have the status of an independent contractor. However, the provisions of the contract do not preclude an examination to determine whether the actual relationship between the parties was such as to bring them within the relationship of employer and employee. (Matter of Morton, 284 N. Y. 167.) The board has found such a relationship did exist as to make the claimant an employee of the respondent under the provisions of the Workmen’s Compensation Law. If there is any evidence to support this finding the decision of the board is final, and cannot be disturbed on appeal.
The distinction between an independent contractor and an employee turns on considerations of direction and control in the performance of the work. Where the employer may prescribe what may be done but not the time, place or manner in *137 which it may he done, the person is an independent contractor. To constitute the person doing the work as an employee, the employer must retain some degree of direction and control over the means and manner of performance. (Matter of Morton, 284 N. Y. 167, supra; Matter of Fidel Assn. of New York, Inc., 259 App. Div. 486, affd. 287 N. Y. 626.)
The claimant directs attention to numerous separate occurrences between herself and the insurance company which she claims indicate direction and control by the company over her work. A brief enumeration of these incidents indicate their nature. Prior to the execution of the agency contract the claimant took a course of instruction from an official of the company to prepare her to take the State Board examination and to become familiar with the general phases of insurance, after which she took the examination, received a license to act as agent for The New York Life Insurance Company, which she deposited with the company. She furnished the company with the names of 200 of her acquaintances and the company wrote to these people advising them that the claimant had become a special agent of the company. On Monday of each week the company conducted a meeting for new agents at its office. At these meetings methods of selling insurance were discussed, and agents were urged to devote eight hours a day to their work. The claimant attended two of these meetings, but she was not required to attend nor was she asked to report the time she spent at her work. One day an experienced agent of the company worked with her and sold a policy to one of her prospects, for which she received her commission. The claimant states that she understood she was to work exclusively for the New York Life Insurance Company and that her income from the company was to be her sole remuneration, although she admitted that these subjects had never been brought up for discussion.
None of these incidents indicate the exercise of any regulation, direction or control of the means or manner of the performance of claimant’s work, which was the selling of life insurance policies to the public. Nor do the provisions of the document known as “ Nylic No. 4 ” give the company any power to direct or control the claimant in her work. This document simply sets up a plan by which certain specified additional commissions are provided for agents of the company whose work over a period of time, with special reference to annual volume of business written and length of continuous service with *138 the company, bring them within the provisions of the plan. It contains no directions as to the manner or means by which an agent shall go about the business of selling policies, nor do its benefits depend on the manner in which the qualifying business was procured.
The claimant, under her arrangement with the company, could solicit whatever persons she chose; she could work whatever days or hours she chose; she paid her own expenses and furnished her own car with no allowances, and she selected her own prospects. She had no office space with the company. She was not required to make any report of her activities. She had complete freedom of action without direction or restraint. Her earnings were based entirely on commissions. There is no difference in the situation here and the situations which existed in the cases of Matter of Fidel Assn. of New York, Inc. (259 App. Div. 486, affd. 287 N. Y. 626, supra) and Matter of Mace v. Morrison & Fleming (267 App. Div. 29, affd. 293 N. Y. 844). In both of these • cases the claimant was held to be an independent contractor and the awards were dismissed.
The decision and award of the Workmen’s Compensation Board should be reversed on the law, with costs.