Frank A. Gulotta, J.
In this action the plaintiff, who was hired by the defendant to install some electrical wiring in a one-family home newly purchased by defendant, was injured when he grasped an exposed live wire which he found hanging in the attic. Since the plaintiff suffered a localized burn on his right hand which necessitated the subsequent amputation of three fingers, it is not entirely clear how the accident could have happened in the way he describes. The flow of house current through the resistance of his body could scarcely produce such an injury. It more resembles a burn such as one might sustain by shorting a live wire directly to ground, in direct proximity to one’s hand.
Be that as it may, there is a more serious hurdle in the way of plaintiff’s recovery than any inconsistency in the proof. Plaintiff is an experienced electrician who has worked for 15 years at his trade. Defendant is the president of Transdyne Corpora *527 tion for which the plaintiff formerly worked full time, but since going to work for the National Can Corp. in May, 1960, has worked part time. Defendant proposed and plaintiff accepted that he do the work on defendant’s home on Saturday afternoons and weekday nights for extra compensation. He was in fact so paid on at least two occasions by a Transdyne check for work completed previous to the accident. Although Transdyne Corporation has compensation insurance coverage for all its employees including the plaintiff, defendant personally has none, and this action is based exclusively on section 11 of the Workmen’s Compensation Law, which as a special penalty provides that where the law requires an employer to have compensation insurance and he has none, the usual defenses of contributory negligence, assumption of risk, etc., which are ordinarily available to an employer are denied to him.
Therefore, the question squarely presented is — does the law require a householder to carry compensation insurance? My conclusion is that it does not.
Section 3 of the Workmen’s Compensation Law uses the term ‘ ‘ Employments ’ ’ in specifying when the law applies. Subdivision 5 of section 2 defines “ Employment ” as employment in a business carried on by an employer for pecuniary gain. Obviously the defendant does not fit into this definition in the operation of his home.
Matter of Empie v. Cossart (259 App. Div. 941) and the earlier case of Matter of Kender v. Reineking (228 N. Y. 240) both so interpret the application of the Compensation Law.
In addition it should be mentioned that the contention that plaintiff was an independent contractor and, therefore, was not required to be covered by compensation insurance, in any event, finds substantial support in the proof since there is no question but that plaintiff had the complete say as to the manner and method of doing the work. The fact that he was compensated by the hour is not controlling so as to constitute him an employee. (Matter of Beach v. Velzy, 238 N. Y. 100.)
Since the plaintiff has specifically limited himself both by his pleading and by a statement for the record, to a section-11 liability, as distinct from any common-law liability of the defendant, it is unnecessary to comment on the rather obvious application of the doctrine of contributory negligence to this case in plaintiff’s working on the electrical circuits of the house without pulling the switch, or the equally obvious principle, that plaintiff necessarily assumed the risks inherent in the work and thus was not entitled to a place so safe to work that it was free from even those risks.
*528 For these reasons the defendant is entitled to a dismissal of the complaint on the merits as a matter of law and accordingly his motion made at the completion of plaintiff’s case, except for medical testimony, is granted.