Edward J. Greenfield, J.
This case was tried for three days before me and a jury of 12, and the verdict was returned in the amount of $3,100 against the defendant Joseph Cohen. Prior to the trial, defendants Laffman and Bothberg had defaulted and during the trial the complaint was dismissed as against the defendants Michael Nestele Co., Inc., and Bheem Manufacturing Co.
Defendant Cohen moved to set aside the verdict as being excessive, against the weight of the evidence and barred by the provisions of the Workmen’s Compensation Law. The parties had stipulated that the latter question, as to the applicable law, and the factual questions as to the employment status of plaintiff Johanna Weiss were to be reserved for determination by the court. The parties exchanged briefs on their contentions in support of and opposed to the motion, and the last brief was submitted to the court on June 15,1964, by plaintiffs’ attorney.
*655 Plaintiff Johanna Weiss, a housewife who supplemented her family income by working week ends serving at weddings, parties, and social affairs, was injured on April 18, 1958 when, during the course of a bar-mitzvah party for defendant Cohen’s son, which was held at the Cohen household, she was asked to light the gas hot water heater in the basement, and after several unsuccessful attempts, there was a gas explosion.
Defendant Cohen had a workmen’s compensation policy with the State Insurance Fund, which covered “ inservants ” at his home, and he in fact was charged and paid an additional premium for coverage for plaintiff, even though she had worked in the Cohen household only on the single occasion of the barmitzvah party. He contends therefore that inasmuch as plaintiff was an employee covered by a policy of workmen’s compensation, compensation is her exclusive remedy as against him, and that she is barred from any recovery of damages at common law under section 11 of the Workmen’s Compensation Law. Plaintiff argues that she was not an employee in fact, or under the law, and hence is not barred from common-law recovery.
On the basis of all the evidence adduced, and applying the criteria laid down in such cases as Matter of Paly v. Lane Brush Co. (6 A D 2d 50); Matter of O’Neil v. Blasdell High School (1 A D 2d 854); and Matter of Mace v. Morrison & Fleming (267 App. Div. 29), the court finds that plaintiff was injured during the scope of her employment at a time when an employer-employee relationship existed between her and defendant Cohen. Although referred to the job by a relative who was handling the catering at the Cohens’ affair, she was engaged by the Cohens, took all her directions in serving from them, and was paid directly by them. Her rate of pay of $1.50 an hour was indicative of the fact that no great skill was required for her job which would necessitate the exercise of independent judgment. She maintained no separate place of business, and had no social security card. She supplied no tools or equipment of her own, and she functioned in every sense as a servant of the Cohens, though the duration of her employment may have been short. The court finds no credible evidence to support the contention that plaintiff had a continuing relationship with the caterer. She was not on the caterer’s payroll, and the caterer carried no compensation policy to cover her. She testified that the caterer did not even speak to her during the course of the evening, and she did not look to the caterer for either her compensation or her directions.
As a part-time domestic worker for less than 48 hours per week, it was not mandatory for an employer to provide work *656 men’s compensation insurance for plaintiff (Workmen’s Compensation Law, § 3, subd. 1, group 12), but such an employer could, if he so elected, bring her within the coverage of the Workmen’s Compensation Laws by voluntarily securing a compensation policy covering her. (Workmen’s Compensation Law, § 3, subd. 1, group 19; Fostner v. Morawitz, 215 App. Div. 176.) Defendant here did so elect, and during the trial a representative of the State Insurance Fund appeared and testified plaintiff was covered by a policy defendant Cohen maintained with it. The only question remaining then is whether, despite the election to provide compensation coverage, plaintiff is not limited to compensation as her exclusive remedy, because she was not an employee as defined in the Workmen’s Compensation Law.
An “ employee ” is defined in subdivision 4 of section 2 of that law as “a person engaged in one of the occupations enumerated in section three * * * and shall not include farm laborers or domestic servants except as provided in section three of this chapter, and except where the employer has elected to bring such employees under the law by securing compensation in accordance with the terms of section fifty of this chapter.” So the law stood at the time of plaintiff’s employment by defendant Cohen and her accident in 1958. In 1962, however, the statutory definition was amended to add the following exclusionary provision: ‘ ‘ The term ‘ employee ’ shall not include persons engaged by the owner in casual employment consisting of yard work, household chores and making repairs to or painting in and about a one family owner-occupied residence.” (L. 1962, ch. 456, eff. April 13,1962.)
Plaintiff was engaged in casual employment in a one-family owner-occupied residence. Does the 1962 amendment remove the barrier which would otherwise exist in pursuing her common-law remedy? I think it does not. The previously existing language permitting optional coverage for part-time or casual domestic workers was left standing, and in the absence of a clearly expressed intention to eliminate that option, the law should not be so construed.
An inquiry into the legislative history of the 1962 amendment reveals that it was sponsored primarily by the New York State Homebuilders’ Association in order to preclude the spate of claims for compensation by painters, carpenters, handymen and other journeymen working around private homes and to resolve all doubts about their status as independent contractors. The very heading of chapter 456 amending the definition of “employee” reads: “An Act to amend the workmen’s com *657 pensation law, in relation to casual employment in repair and painting of one family owner-occupied resndences.” The additional term “ household chores ” which appears in the text of the amendment, while seemingly broad enough to cover domestic servants, cannot when taken in its full context exclude such servants from voluntary coverage. It merely eliminates from compulsory coverage that class of persons engaged by homeowners (and not all employers of casual domestics everywhere) engaged to make repairs or alterations to one-family dwellings or to do other odd-jobs around the house and grounds. The law with respect to casual domestic workers or temporary in-servants — maids, cooks, .servers, home laundresses and the like — remains unchanged. An employer still possesses the right to opt for workmen’s compensation coverage if he so desires. This conclusion makes it unnecessary to pass upon the retrospective effect of the 1962 amendment to a 1958 employment, though it is doubtful whether such an amendment could be construed to deprive the defendant of a substantive defense which was then available to him.
Accordingly, defendant Cohen’s motion to set aside the jury verdict in favor of Johanna Weiss for $3,000 and in favor of Fred Weiss for $100 on the ground that the plaintiffs’ remedy is exclusively within the ambit of the Workmen’s Compensation Law and to dismiss both causes of action is hereby granted, and judgment entered in favor of said defendant.