█ In the Matter of the Claim of EDGAR L. HILL, Respondent, v ROBERT E. THOMPSON, Respondent, and UNINSURED EMPLOYERS' FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 16, 1981. Subdivision 4 of section 2 of the Workers' Compensation Law provides, in part, that "[t]he term 'employee' shall not include persons engaged by the owner in casual employment consisting of yard work, household chores and making repairs to or painting in and about a one-family owner-occupied residence". The board has found that since claimant was doing carpentry work on a two-family house, the above-quoted exclusion did not apply. On appeal, the Uninsured Employers' Fund contends that this finding is not supported by substantial evidence. We agree. The undisputed evidence establishes that the alleged employer purchased a two-family home in 1977 with the intention of converting it into a one-family residence in which he and his 19-year-old daughter would reside.

When purchased, the structure had an apartment on each floor. Alterations were begun immediately, which included cutting a hole in the ceiling of the first floor living room and constructing a stairway to the second floor. The only person other than the alleged employer who resided in the structure after it was purchased was his daughter, who shared the cooking facilities with her father and paid no rent. No attempt was made to rent any portion of the structure. In view of these uncontested facts, the board's reliance on the fact that the village listed the structure on its tax rolls as a two-family dwelling is irrational. In any event, the evidence concerning the structure's tax status did not even cover the period when claimant was allegedly injured. Turning to the question of whether the type of work being performed by claimant fell within the statutory exception, it should be noted that the exception was added to subdivision 4 of section 2 of the Workers' Compensation Law in 1962 (L 1962, ch 456). Prior to 1962, tradesmen employed by householders to do odd jobs around their residences were not considered to fall within the purview of the Workers' Compensation Law (see *Carroll v Kay,* 30 Misc 2d 526; see, also, 45 NY St Dept Rep 689 [Op Atty Gen, 1932]; 1C Larson, Law of Workmen's Compensation, § 51.00 *et seq.*). In 1961, the definition of "employer" contained in subdivision 3 of section 2 of the Workers' Compensation Law was amended by substituting the phrase "having one or more persons in employment" for the phrase "employing workmen in hazardous employments" (L 1961, ch 233, § 1). An examination of the legislative history of the 1962 amendment to subdivision 4 of section 2 reveals that it was proposed in order to clarify any confusion caused by the 1961 amendment, and to continue the existing exception for tradesmen doing casual labor for single-family householders (see Bill Jacket for L 1962, ch 456; see, also, *Weiss v Laffman,* 43 Misc 2d 653, 656). Accordingly, there is no basis for construing the 1962 amendment strictly against householders, the view apparently adopted by the board. The board concluded that claimant was performing carpentry work and, therefore, was not doing repair work. The two, however, are not mutually exclusive. A carpenter employed to replace a rotted tread on a stairway or to fix a poorly fitting door is clearly doing repair work. Indeed, the facts here show that claimant was employed in placing paneling over an old plaster wall. The fact that the householder chose to cover the wall with paneling, rather than patch and paint it, should not remove him from the casual labor exception afforded to the owners of single-family residences by subdivision 4 of section 2. The board's decision lacks a rational basis since there is no support for it either in the evidence contained in the record or in the statute relied upon by the board. The decision should, therefore, be reversed. Decision reversed, with costs to the Uninsured Employers' Fund against the Workers' Compensation Board, and claim dismissed. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.