OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the decision of the Workers’ Compensation Board reinstated (see 91 AD2d 1082).
The evidence concerning whether the claimant comes within the exclusion from employment status set forth in subdivision 4 of section 2 of the Workers’ Compensation Law is undisputed and the inferences drawn by the Workers’ Compensation Board from these facts are conclusive on the courts if supported by substantial evidence (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6). We find substantial evidence before the Board upon which it could base a finding that claimant was not working in a “one family owner-occupied residence” within the meaning of the statutory exclusion even though it was the owner’s intention to convert the house to a one-family residence. The Board could conclude that the conversion process had not yet been *1020 completed when claimant was injured. There is also substantial evidence to support the Board’s conclusion that claimant was not performing repair work but rather was engaged in “carpentry work doing paneling”. The Board could find that paneling is not a repair done on walls but constitutes remodeling, regardless of whether the walls have fallen into disrepair.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and decision of the Workers’ Compensation Board reinstated in a memorandum.