■ In the Matter of the Claim of CLAUDIA RIBAR, Respondent, v COUNTY OF SUFFOLK, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed February 11, 1986.

The employer objects to the finding of dual and similar employment made by the Workers' Compensation Board. Claimant sustained neck and back injuries when she fell while working as chairperson of election inspectors at a polling place in Suffolk County on primary day in 1983. In her regular, full-time employment, claimant worked for a lawyer as his legal secretary/office manager. The Board's finding of dual and similar employment is based upon its conclusion that her duties as an election inspector and as a legal secretary/office manager were clerical in nature, involving tallying, filing and record keeping.

The employer points to certain evidence in the record to support its contention that claimant's duties in her employ-

ment with the lawyer involved a great deal more skill and responsibility than her purely clerical duties as an election inspector. In view of the Board's broad power to determine factual issues and draw inferences from the evidence *(see, e.g., Matter of Hill v Thompson,* 61 NY2d 1018; *Matter of Schwartz v Howard, Needles, Tannen & Bergendorf,* 93 AD2d 930), we conclude that the Board's decision finding the duties of both jobs to be essentially clerical in nature cannot be disturbed. On appeal from a decision of the Board, the question is not whether the evidence supports a finding other than that made by the Board. Nor is it relevant whether this court agrees with the Board's findings. Rather, the sole issue is whether there is substantial evidence in the record to support the Board's decision *(see, Matter of Johnson v Moog, Inc.,* 114 AD2d 538; *Matter of Haydel v Sears, Roebuck & Co.,* 106 AD2d 759). Since there is such support for the Board's decision herein, it must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.